Present: Carrico, C.J., Compton,[1] Lacy, Hassell, Keenan, Koontz, and Kinser, JJ.

RIVERVIEW FARM ASSOCIATES
VIRGINIA GENERAL PARTNERSHIP, ET AL.

v.  Record No. 990853   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          March 3, 2000
BOARD OF SUPERVISORS OF CHARLES
CITY COUNTY, ET AL.


            FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
                         Thomas B. Hoover, Judge

        In this appeal, we consider whether the trial court erred in sustaining a demurrer to a bill of complaint for declaratory judgment challenging a local governing body's decision approving a conditional rezoning application.

        Riverview Farm Associates Virginia General Partnership, Jearald D. Cable, Robert L. Waldrop, and Cardwell Ferguson Hannabass (collectively, the plaintiffs) filed a bill of complaint for declaratory judgment against the Charles City County Board of Supervisors (the Board) and Weanack Land, Limited Partnership (Weanack).  The plaintiffs sought a declaration that the Board's decision rezoning 41.27 riverfront acres owned by Weanack (the Weanack property) to an "Industrial M-2-C" classification was unreasonable, arbitrary, and void. All the plaintiffs owned property located within about 2,000

_____

        [1]Justice Compton participated in the hearing and decision of this case prior to the effective date of his retirement on February 2, 2000.

feet of either the Weanack property or the access road serving the Weanack property.

The Weanack property is located next to the Shirley Plantation, an historical landmark, and includes a port on the James River used for the docking, loading, and unloading of barges. In 1995, the Board changed the Weanack property's zoning classification from "A-1 Agricultural" to "Business Conditional B-1-C." The purpose of the 1995 rezoning was to permit use of the Weanack property as a port to receive barges delivering containerized municipal waste destined for the Charles City County landfill, which is operated jointly by Charles City County (the County) and a private company. These waste transportation operations on the Weanack property began in 1996.

A condition of the "B-1-C" rezoning prohibited truck traffic entering or leaving the Weanack property from using Route 5 or Route 608. A second condition limited truck traffic from the dock facility to Route 106/156 to "[n]o more than 125 truck loads per day." This truck traffic reached Route 106/156 by using an access road on an easement over property owned by T. Davis Copeland and Pamela P. Copeland (the Copelands). At the time of the proceedings at issue, a lawsuit was pending between the Copelands and Weanack concerning Weanack's use of the easement.

2

In October 1997, Weanack filed an application to rezone the Weanack property from the "Business B-1-C" classification to "Industrial M-2-C." Weanack also requested that the Board amend the Charles City County zoning ordinance (zoning ordinance) to include in its "Industrial M-2" classification specified waterfront industrial uses, including "docks and areas for the receipt, storage and transhipment of waterborne commerce." In December 1997, the Board voted to amend the zoning ordinance's "Industrial M-2" classification as requested, but deferred consideration of the application to rezone Weanack's property.

Weanack's rezoning application included 11 detailed proffers. Among these proffers, Weanack stated the hours during which its facility would be operated, and established different time restrictions for trucking, "land-based operations" such as loading and unloading barges, and "marine-based operations" such as docking barges. Weanack further agreed in the proffers that its trucks would not travel on Routes 5 and 608.

Weanack's proffers also addressed the volume of truck traffic that would be permitted for the transportation of waste to the County's landfill. Weanack agreed to limit the number of truck trips per day entering or exiting Route 106/156 to 150, 250, or 300 truckloads, depending on the improvements made to the access road that Weanack used to reach Route 106/156. In

3

February 1998, the Board granted Weanack's rezoning application and accepted the above proffers as part of the rezoning.

After the Board filed a demurrer to the plaintiffs' original bill of complaint, the plaintiffs sought to add the Copelands as plaintiffs in the case. The Board and Weanack objected to the plaintiffs' request. The trial court denied the request on the grounds that "the Copelands do not qualify as necessary parties to this case, and further that the Copelands should have filed their own case, or filed their requested amendment, within 30 days [of the Board's decision]." The trial court also sustained the Board's demurrer to the bill of complaint, but granted the plaintiffs leave to file an amended bill of complaint.

In Count I of their second amended bill of complaint, the plaintiffs alleged that the Board's decision rezoning the Weanack property violated Code § 15.2-2297(A)(vii), which requires that proffers made as part of a rezoning application be in conformity with the local governing body's comprehensive plan. They alleged that two of Weanack's proffers were not in conformity with the County's 1991 Comprehensive Plan. First, the plaintiffs alleged that the use of an access road over the Copeland property for truck traffic leaving the Weanack facility created "an intensive industrial use area" on the Copelands' property, contrary to its agricultural designation in the

4

County's 1991 Comprehensive Plan.  Second, they alleged that Weanack's proffer concerning the facility's hours of operation also was not in conformity with the 1991 Plan.

In addition, the plaintiffs alleged that their use of their own properties would be adversely impacted by the trucking noise, litter, dust, odors, and exposure to disease from the garbage unloaded on the Weanack property and transported over the access road on the Copeland property.  They also alleged that the Board's acceptance of Weanack's proffers as part of the rezoning was "unreasonable and illegal."

In Count II, the plaintiffs alleged that the rezoning violated the County's zoning ordinance because the rezoning permitted a private road in an area zoned for agricultural use to be part of an industrial use, when "there is no language authorizing the use of access roads in other zoned areas."  The plaintiffs also alleged that the rezoning imposed "intensive" industrial uses on the Copeland property and converted that property to an industrial use contrary to its agricultural use classification.  In Count V, the plaintiff alleged that the Board's decision granting the rezoning application constituted illegal "spot zoning."[2]

---

[2]Counts III, IV, and VI of the second amended bill of complaint are not at issue in this appeal.

The Board and Weanack filed demurrers to the second amended bill of complaint. They also asked the trial court to strike the plaintiffs' pleading, arguing that the plaintiffs improperly attempted to assert claims that could only be brought by the Copelands, contrary to the trial court's earlier ruling precluding such claims.

The trial court struck Count II and those parts of Counts I and V "setting forth . . . allegations concerning the Copeland property." The court also ruled that Count II failed to state a valid claim, and alternatively held that it constituted an "impermissible new claim." The trial court sustained the demurrer to the balance of Counts I and V and dismissed the case with prejudice.

On appeal, the plaintiffs argue that the trial court erred in denying their request to add the Copelands as plaintiffs. They assert that if an action challenging a local governing body's zoning decision has been brought within the 30-day time period following the decision, as required by Code § 15.2-2285(F), additional plaintiffs may be added after the 30-day period has expired. The plaintiffs contend that their second amended bill of complaint does not allege "impermissible new claims" concerning the Copelands' property because these claims were based on the same facts alleged in the original bill of complaint and sought the same relief.

The plaintiffs also argue that Count I stated a valid cause of action in alleging that the Board improperly accepted certain proffers from Weanack that were contrary to the County's 1991 Comprehensive Plan. They contend that Count II stated a cause of action, irrespective whether the Copelands were added as parties, because the plaintiffs alleged that the Board violated the County's zoning ordinance by accepting proffers that "impose industrial uses" on property zoned for agricultural use. The plaintiffs also assert that they properly alleged a claim of illegal spot zoning in Count V.

In response, the Board and Weanack (collectively, Weanack) argue that the trial court properly denied the request to add the Copelands as plaintiffs, since the Copelands failed to file suit contesting the Board's decision within the 30-day period required by Code § 15.2-2285(F). Weanack asserts that after denying this request, the trial court correctly sustained the demurrer to claims relating to the proffers addressing truck traffic on the access road, since these claims could only be brought by the Copelands. Weanack further contends that the plaintiffs failed to allege any facts to support their allegation in Count I that the proffered conditions were inconsistent with the County's comprehensive plan.

Weanack also contends that the plaintiffs failed to state a cause of action in Count II because they alleged no facts from

which the court could conclude that the conditional rezoning of the Weanack property "imposed" an industrial use on the Copeland property. Weanack argues that property zoned for agricultural use, which is adjacent to property zoned for industrial use, does not have to be rezoned to an industrial classification before being used to provide access for traffic travelling to and from the industrial site. Finally, Weanack asserts that Count V is legally insufficient because it does not allege that the rezoning was intended solely to serve the interests of a private party.

Initially, we consider the plaintiffs' claim that the trial court erred in denying their request to add the Copelands as plaintiffs in the case. Code § 15.2-2285(F) requires that an action contesting a rezoning decision of a local governing body be filed in the circuit court within 30 days of the decision. The rezoning of the Weanack property occurred on February 10, 1998, and the plaintiffs requested that the Copelands be added as parties to the appeal on May 29, 1998. Thus, the plaintiffs' request to add the Copelands was made after the statutory period had expired for the Copelands to bring an action alleging the claims asserted in the original bill of complaint.

We disagree with the plaintiffs' argument that the trial court's ruling was contrary to our decision in Friends of Clark Mountain Found., Inc. v. Board of Supervisors, 242 Va. 16, 406

8

S.E.2d 19 (1991). There, the plaintiffs, who were owners of land in the vicinity of a rezoned tract, filed suit against the local governing body seeking a declaratory judgment that the decision rezoning the tract and granting a special use permit was unreasonable, arbitrary, and capricious. The plaintiffs failed to join as defendants in the suit the owner of the rezoned tract and a person holding an option to purchase the tract. 242 Va. at 18-19, 406 S.E.2d at 20.

The trial court dismissed the suit on the grounds that the owner of the tract and the option holder were necessary parties and had not been joined as defendants in the suit prior to the expiration of the 30-day appeal period. We reversed the judgment, holding that under former Code § 15.1-493(G), the only required parties at the time of filing the appeal are the contestant and the local governing body. Therefore, we concluded that the expiration of the 30-day appeal period did not preclude the contestant from seeking the joinder of other necessary parties to the suit. 242 Va. at 21-22, 406 S.E.2d at 22.

Our holding in Clark Mountain was based on the principle that when a contesting action has been initiated in conformance with statutory requirements, the action should not be adjudicated until any remaining necessary parties have intervened or been brought into the proceeding. This approach

9

assures that the legislative body's decision will be reviewed in a fair, orderly, and prompt manner. Id. Here, however, these concerns were not present because the Copelands were not necessary parties to an adjudication of the counts contained in the original bill of complaint. Thus, we conclude that the trial court did not err in denying the plaintiffs' request to add the Copelands as plaintiffs in the action.

We next consider the trial court's decision sustaining the plaintiffs' demurrer to the second amended bill of complaint. The standard of review that we apply is well established. We consider as true all material facts alleged in a bill of complaint, all facts impliedly alleged, and all reasonable inferences that can be drawn from such facts. Moore v. Maroney, 258 Va. 21, 23, 516 S.E.2d 9, 10 (1999); Concerned Taxpayers of Brunswick County v. County of Brunswick, 249 Va. 320, 323, 455 S.E.2d 712, 713 (1995); Krantz v. Air Line Pilots Ass'n, Int'l, 245 Va. 202, 204, 427 S.E.2d 326, 327 (1993). However, a demurrer does not admit the correctness of the conclusions of law asserted in a bill of complaint. Moore, 258 Va. at 23, 516 S.E.2d at 10; Ward's Equip., Inc. v. New Holland N. America, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

The trial court is not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a bill of complaint, but only may determine whether the factual

allegations of the bill of complaint are sufficient to state a cause of action. Concerned Taxpayers of Brunswick County, 249 Va. at 327-28, 455 S.E.2d at 716; Fun v. Virginia Military Inst., 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). Thus, the trial court errs in sustaining a demurrer if a bill of complaint, considered in the light most favorable to the plaintiff, states a cause of action. W.S. Carnes, Inc. v. Board of Supervisors, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996); see Luckett v. Jennings, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993).

We conclude that the trial court erred in sustaining the demurrer to Count I because it stated a cause of action that could be asserted by the plaintiffs independent of the Copelands. Count I challenged the "off-site" proffers regarding truck traffic on the basis of the alleged impact of the proffered conditions on the plaintiffs' use of their own properties, not on the basis of any property right held by the Copelands. The plaintiffs live within sufficiently close proximity to the property that is the subject of the rezoning to possess a "justiciable interest" in the litigation of Count I. See Cupp v. Board of Supervisors, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984); Board of Supervisors v. Fralin & Waldron, Inc., 222 Va. 218, 224, 278 S.E.2d 859, 862 (1981). Thus, the absence of the Copelands as parties did not bar consideration of the

11

issue whether the "off-site" proffers failed to conform to the County's comprehensive plan and rendered the zoning unreasonable.

The plaintiffs also alleged that the proffer permitting marine-based operations "24 Hours [per day], 7 days a week" was inconsistent with the County's comprehensive plan. Weanack argued on demurrer that the County's 1998 Comprehensive Plan, adopted three months after the Board's approval of the Weanack rezoning application, designates the Weanack property for industrial use. Weanack's argument, however, does not resolve the plaintiffs' claim concerning the hours and days of operation, or their claim regarding the "off-site" proffers, as a matter of law.[3]

Proffered conditions are permitted as part of a rezoning "for the protection of the community" in which the property that is the subject of the proposed rezoning is located. Code § 15.2-2296; Gregory v. Board of Supervisors, 257 Va. 530, 536, 514 S.E.2d 350, 353 (1999). Code § 15.2-2297(A) imposes several requirements that must be met before proffered conditions may be incorporated as part of a rezoning amendment. Included among

---

[3]Since the parties agree that the Board adopted the proposed 1998 Comprehensive Plan, we do not consider the differences in the provisions of the 1991 and 1998 Plans because, at a trial on remand, the court may consider the 1998 Comprehensive Plan. See Barrick v. Board of Supervisors, 239 Va. 628, 635, 391 S.E.2d 318, 322 (1990).

these requirements are provisions that "the conditions shall have a reasonable relation to the rezoning," and that "all such conditions shall be in conformity with the [local governing body's] comprehensive plan." Id. The plaintiffs were entitled to present evidence supporting their allegations that the proffered conditions concerning truck traffic were not in conformity with the County's comprehensive plan and rendered the zoning unreasonable because they permitted heavy truck traffic to proceed near the plaintiff's property over property designated for agricultural use. The plaintiffs also were entitled to present evidence to support their allegation that the proffered condition concerning the hours of operation of the port facility rendered the zoning unreasonable and was not in conformity with the County's comprehensive plan that designated the neighboring properties for agricultural use.

We also conclude that the plaintiffs stated a cause of action in Count I, based on the facts set forth in their pleading, by alleging that the rezoning was "not consistent with the . . . [c]omprehensive [p]lan, and was arbitrary and capricious, unreasonable, and incompatible with surrounding land uses." Although the 1998 Comprehensive Plan designated the Weanack property for industrial use, an issue remained whether this particular rezoning action, because of its proffered conditions, was a reasonable exercise of the Board's authority.

13

This portion of the claim could not be resolved as a matter of law, but could only be determined after consideration of evidence presented by the parties.

We next conclude that the trial court did not err in dismissing Count II of the second amended bill of complaint, which contained two basic allegations. The first was that the proffered conditions regarding truck traffic constitute "a conversion of the privately owned access road to industrial use without proper rezoning." The trial court did not err in dismissing this portion of Count II because it involves the property rights of the Copelands, who were not parties to this suit.

The second allegation of Count II centered on the plaintiffs' assertion that the County's zoning ordinance does not allow "zoning proffers which impose an industrial use on a private access road which is not located within the industrial zone or district." The trial court did not err in dismissing this portion of Count II because it fails to state a cause of action. First, the proffered conditions do not impose any "use" on the access road over the easement on the Copeland property, but place restrictions on the number of truckloads entering or exiting Route 106/156, depending on the condition of the access road.

Second, the relevant conditional zoning statutes and ordinance provisions do not require that "off-site" proffers be confined to properties having the same zoning classification as the property that is the subject of the rezoning. Code § 15.2-2297 and Charles City County Ordinance § 13.1-2, which contain the same substantive provisions, permit proffered conditions as part of a rezoning subject to the specific requirements stated in those provisions.

We next conclude that the trial court did not err in dismissing Count V of the second amended bill of complaint, which alleged that the rezoning action constituted illegal spot zoning. Count V also alleged that as part of the rezoning, Weanack agreed through proffers to send all the waste transported into its facility to the County's landfill "for the exclusive revenues of the County." Finally, Count V alleged that the purpose of the rezoning was "to serve the special financial interests of Weanack and the County."

Illegal spot zoning occurs when the purpose of a zoning ordinance or rezoning amendment is solely to serve the private interests of one or more landowners, rather than to further a locality's welfare as part of an overall zoning plan that may include a concurrent benefit to private interests. Barrick v. Board of Supervisors, 239 Va. at 632-33, 391 S.E.2d at 320; Board of Supervisors v. Fralin & Waldron, Inc., 222 Va. at 226,

15

278 S.E.2d at 863-64; <u>Wilhelm v. Morgan</u>, 208 Va. 398, 403-04, 157 S.E.2d 920, 924 (1967). The trial court properly dismissed the plaintiffs' claim in Count V because it alleged that the purpose of the rezoning was to benefit the interests of the County, as well as the interests of a private landowner.

For these reasons, we will affirm the portion of the trial court's judgment dismissing Counts II and V of the second amended bill of complaint. We will reverse the portion of the trial court's judgment dismissing Count I and remand Count I to the trial court for a trial on the merits consistent with the principles expressed in this opinion.

<u>Affirmed in part, reversed in part, and remanded</u>.