# CIRCUIT COURT OF LOUISA COUNTY

Merrick Land Trust I et al.

v.

Louisa County
Board of Supervisors et al.

January 11, 2001

Case No. Ch. 6158

BY JUDGE EDWARD L. HOGSHIRE

In this declaratory judgment action, Defendants Board of Supervisors of Louisa County (Board), Old Dominion Electronic Cooperative (ODEC), and Old Dominion Generation, L.L.C. (ODG) have filed demurrers. Defendants assert that the claims averred by the Plaintiffs do not constitute cognizable challenges to legislative land use decisions by a governing body of a Virginia locality. For the reasons articulated below, the Court concludes that Defendants' demurrers must be sustained as to Counts I and II and overruled as to Counts III, IV, and V.

## Statement of the Facts

For the purposes of a demurrer, the Court will assume the "truth of all material facts that are properly pleaded." *See Perk v. Vector Resources Group*, 253 Va. 310, 312 (1997). ODEC and ODG filed an application with the Board to rezone approximately 92 acres of land in Louisa County from Agricultural A-1 to Industrial. Complaint, ¶ 18. ODEC and ODG requested rezoning for the purpose of constructing an electric generating facility. Complaint, ¶ 18. The planning commission held a hearing on February 10, 2000, in order to

consider the application. Complaint, ¶ 19. On that date, ODEC and ODG submitted a list of 15 conditions in support of its rezoning request. Complaint, ¶ 19. The planning commission voted to recommend approval of the rezoning request with a list of 20 conditions. Complaint, ¶ 19.

The Board held a public hearing concerning the rezoning request on March 6, 2000. Complaint, ¶ 20. The hearing was held in the Board's regular meeting room, which holds a capacity of 114 people. Complaint, ¶ 20. An overflow crowd of nearly 150 people was not permitted inside the meeting room; due to poor microphone and speaker equipment, those outside were unable to hear the proceedings. Complaint, ¶¶ 22, 23. The public hearing, scheduled to last 90 minutes, was extended an additional 30 minutes in order to accommodate the large number of persons wishing to speak. Complaint, ¶¶ 21, 24. For the first 90 minutes, speakers were permitted to present comments for two minutes. Complaint, ¶ 24. During the final 30 minutes of the hearing, speakers were allowed one minute before the Board. Complaint, ¶ 24.

At the conclusion of the public hearing, Board members voted to approve the rezoning request. Complaint, ¶ 25. A group of adjacent and nearby landowners claims to have been aggrieved by this decision and filed a declaratory judgment action requesting this Court to, inter alia, reverse the decision of the Board. The complaint filed by the several plaintiffs consists of five separate counts.[1]

*Discussion*

A. *Count I: Denial of Procedural Due Process*

This issue is controlled by *County of Fairfax v. Southern Iron Works*, 242 Va. 435, 444 (1991). Procedural due process rights apply only to individuals in adjudicative or quasi-judicial proceedings. 242 Va. at 444. In *Southern Iron Works*, the court found that a zoning ordinance amendment proceeding constituted a legislative rather than judicial exercise, and the County need only meet the statutory notice and hearing requirements. *See id.* Similarly, in our case, the Board need only meet the statutory notice and hearing requirements as delineated in Va. Code Ann. §§ 15.2-2204 and 15.2-2285.

Va. Code Ann. § 15.2-2285(A) requires the planning commission of a locality to hold "at least one public hearing on a proposed ordinance" and

---

[1] Pursuant to Defendants' Reply Memorandum in Support of Demurrer and Plea in Bar, ¶ 1, the issue of standing is not decided in this memorandum.

"make appropriate changes" as a result of the hearing. The statute also provides that "before approving and adopting any zoning ordinance or amendment thereof, the governing body shall hold at least one public hearing thereon." Va. Code Ann. § 15.2-2285(C). The facts presented by the plaintiffs allege that public hearings were held by both the planning commission and the Board prior to the approval of the rezoning application.

No complaint concerning notice has been pleaded by plaintiffs, and it appears any right to challenge the decision based on ineffective notice is waived by virtue of the active participation of the plaintiffs at both the planning commission hearing and the public hearing held by the Board. Va. Code Ann. § 15.2-2204(B).

The public hearing before the Board was conducted for 120 minutes. The meeting was held in the Board's usual meeting area that accommodated over 100 persons. The Code requires that a public hearing be held on proper notice; the plaintiffs allege that such a standard was met. The demurrer as to Count I of the complaint is therefore sustained.

## B. *Count II: Lack of Notice of Conditions to Rezoning*

Va. Code Ann. § 15.2-2297 allows that a zoning ordinance "may include and provide for the voluntary proffering in writing, by the owner, of reasonable conditions, prior to a public hearing before the *governing body*." (Emphasis added.) Plaintiffs allege that this requirement was complied with on February 10, 2000, prior to the hearing before the planning commission. The hearing held by the Board was conducted three weeks later. Va. Code Ann. § 15.2-2204(A) distinguishes the *planning commission* from the *governing body* and even provides that a joint public hearing may satisfy the statutory hearing requirement. Thus, the statutory notice requirement, that conditions be proffered prior to the hearing with the *governing body*, was satisfied.

Additionally, the requirements for published notice of a rezoning act set out at Va. Code Ann. § 15.2-2204 require only that the public be advised where the public file on a case may be found, and the six day provision permits time to review it. The plaintiffs do not allege that this standard was not met and the facts averred suggest that the Board satisfied the statutory requirements. The demurrer as to Count II of the complaint is sustained.

## C. *Arbitrary, Capricious, and Unreasonable Rezoning*

This issue is controlled by *Riverview Farm Assocs. v. Board of Supervisors of Charles City County*, 259 Va. 419 (2000). In *Riverview Farm Assocs.*, the plaintiffs alleged that the rezoning was "not consistent with the . . . comprehensive plan, and was arbitrary and capricious, unreasonable, and incompatible with surrounding land uses." 259 Va. at 428. The court held that this claim could not be resolved as a matter of law, but could only be determined after consideration of evidence presented by the parties. *See id.*

Plaintiffs in our case have specifically alleged that the rezoning was arbitrary, capricious, and unreasonable because (1) the Board failed to consider the impact of the rezoning on other property uses; (2) increased truck traffic; (3) arbitrarily imposed new criteria for industrial development next to gas or electric lines; (4) failed to follow good zoning practice, failed to evaluate environmental impacts, impeded the gathering and assessment of information by its own planning staff, and failed to establish appropriate criteria for new industrial sites. Count III states a valid cause of action, and, thus, the demurrer as to Count III is overruled.

## D. *The Conditional Use Permit Provisions Imposed by the Board were Beyond the Board's Authority*

Plaintiffs allege a violation of the Dillon Rule in that the Board inappropriately usurped or unlawfully preempted the authority of the state and federal government to monitor and otherwise enforce certain laws.

Va. Code Ann. § 15.2-2232 does not specifically grant localities the power to inspect and otherwise enforce state and federal regulations. Therefore, due to the breadth of the provisions included in the zoning permit, the Dillon Rule may be implicated and the demurrer as to Count IV of the complaint is overruled.

## E. *Conditional Use Proffers Not in Compliance with the Comprehensive Plan and Failure to Conduct § 15.2-2232 Review*

Nothing in the zoning enabling statutes require that a review satisfying the provisions of § 15.2-2232 must be undertaken as a precondition to zoning. This Court finds no statutory requirement that mandates a "2232" review in order to enact a change in the zoning ordinance. Indeed, it appears the claim in Count V may be premature until the specific public project itself is submitted for required permitting.

Notwithstanding these observations, the demurrer as to Count V of the complaint is overruled in order that this issue, considered "confusing" by both parties, might be more thoroughly and clearly developed during the discovery process.

## *Conclusion*

For the above stated reasons, the Court sustains the Defendants' demurrers as to Counts I and II and overrules Defendants' demurrers as to Counts III, IV, and V.