## CIRCUIT COURT OF THE CITY OF RICHMOND

Julian Graham
and Julian Graham
Chevrolet, Inc.

v.

Young Broadcasting
of Richmond, Inc., et al.

November 15, 2002

Case No. LP-1723

BY JUDGE MELVIN R. HUGHES, JR.

Before the court is defendants' demurrer to plaintiff's claim for defamation contained in Count I and their claim of misappropriation of plaintiff's, name, likeness, or image under Va. Code § 8.01-40(A) of plaintiff's Motion for Judgment.

In considering a demurrer, the court assumes all the facts in the pleadings as true, along with reasonable inferences from these facts. *Riverview Farm Assoc. v. Board of Supervisors*, 259 Va. 419 (2000).

There are two parties plaintiffs named in the motion for judgment: Julian Graham, an individual, and Julian Graham Chevrolet, Inc., a corporation. Defendants argue that the defamatory statements alleged were regarding a corporation, and not about the owner of the corporation, Julian Graham. Thus, plaintiff Julian Graham has not alleged a cause of action of defamation. Plaintiffs contend that statements regarding the corporation and Graham clearly identified Graham with the corporation and must be considered together under *WJLA-TV v. Levin*, 264 Va. 140, 152-53 (2002). The court agrees with plaintiff in that defendant's statements could refer to the corporation and its owner. Whether the persons who knew of the car dealership and its owner could or could not disassociate the two is a question

for the jury. Therefore, the court overrules the demurrer as to the defamation claim.

Regarding the claim on a violation of Virginia Code § 8.01-40(A), defendants claim that this provision has an exception for newsworthy items under *Falwell v. Flynt*, 797 F.2d 1270, 1277 (4th Cir. 1986), *rev'd on other grounds*. Plaintiffs claim that disseminating information regarding a private business is not a newsworthy issue on matters of public interest or concern. The court agrees with the defendants that the reporting on a local car dealership issue is a newsworthy item and of public interest. Therefore, the court sustains the demurrer as to the Va. Code § 8.01-40 claim. This claim can, in no way, be deemed a use of name for "advertising purposes or for the purpose of trade...." within the meaning of Va. Code § 8.01-40, according to the assertions made.