## CIRCUIT COURT OF LOUDOUN COUNTY

Broad Run Village, L.C.

v.

Loudoun County
Board of Supervisors

November 20, 2002

Case No. (Chancery) 21099

BY JUDGE THOMAS D. HORNE

On August 22, 2001, Broad Run Village, L.C. (Broad Run) filed this action seeking declaratory and other relief in connection with certain provisions of Loudoun County's Revised Comprehensive Plan. It suggests that the Loudoun County Board of Supervisors (the Board), in adopting Chapter Eight of the Revised Plan, violated the Dillon Rule. That often quoted Rule limits the powers of the County to legislate pursuant to an express grant or where necessarily or fairly implied from the express grant and where indispensable and essential. *Ticonderoga Farms, Inc. v. County of Loudoun*, 242 Va. 170 (1991). Complainant has represented to the Court that its attack on provisions of Chapter Eight is limited to a facial challenge to the Plan.

The Board asserts that Broad Run lacks standing to pursue the action and that no "case or controversy" has been raised that would justify the exercise of jurisdiction by the Court. These issues have been brought up previously and rejected by the Court. When confronted by the proffer of a facial challenge by the complainant, the Board requested that the Court again revisit these issues. Accordingly, the case is before the Court on the motion of the Board for reconsideration, or in the alternative, summary judgment. Broad Run suggests that the posture of the case has not changed and that the motions should be denied.

For the Court to find that the pleadings raise an "actual case or controversy," it must be persuaded that there is an "actual antagonistic assertion of right and denial of that right." *Cupp v. Board of Supervisors*, 227 Va. 580, 591 (1984). The situation must be one in which the only step left would be for the Board to invade the rights of the defendant or vice versa. *Id.* at 592. Within a zoning context, "[t]he legality of an ordinance is tested not only by what has been done under its provisions but what may be done thereunder." *Id.* at 593 (authority omitted). Has the Board asserted its right to enforce the offending provisions and has this "claim of power" threatened the complainant? *Id.*

The Board strenuously argues that this is not a zoning case and that the matter is not ripe for review. It argues the lack of legislative force and effect that is characteristic of the Plan. In describing the nature of a Comprehensive Plan, the Supreme Court has noted:

> [w]hile the minimum standards of the Comprehensive Plan may only be guidelines and not requirements to be applied inflexibly by the Board, it [is] still a matter within the Board's discretion to decide whether to adhere to those standards or to follow some other reasonable approach in determining whether to grant or to deny the rezoning application.

*Loudoun County v. Lerner*, 221 Va. 30, 37 (1980).

Thus, for this Court to act upon the complaint would be to rule upon a gossamer predicate and treading where it should not go. However, as the Court has previously noted, this instant challenge involves the unique relationship existing between the availability of public facilities and the comprehensive plan as a device for land use control. Va. Code Ann. § 15.2-2232. Additionally, the relevant provisions of the County Zoning Ordinance would make conformity with the requirements of Chapter Eight of the Revised General Plan a prerequisite for the extension of central utilities to the property. It is these conditions precedent to the extension of water and sewer service to the property that the complainant suggests violates the command of Dillon's Rule.

Countering the arguments of the complainant, the Board has noted that were the Court to rule by way of declaratory relief, it would not affect the extension of utility service to the property. A further planning decision would have to be made under the 1997 plan. Thus the position of the complainant would neither be improved nor worsened by the Court's intervention. Such a decision would not invade the rights of either party. Moreover, the Board

argues that it is not the Zoning Ordinance that is under attack but the Plan. The Plan is not a legislative or "law-like command because it establishes no consequences or exact ramifications for any party that transgresses it." *Liban v. Loudoun County*, No. 02-1079, slip op. at 9 (E.D. Va. Oct. 24, 2002). Thus, an attack on the Loudoun County Comprehensive Plan by a non-resident was found not to be "ripe" for determination because a "challenger to the flexible and non-binding plan is not a matter ripe for judicial decision because the flexible Comprehensive Plan does not present a concrete harm or threat of harm to any party." *Id.* at 10.

In rejoinder to these arguments, the complainant contends that should the Court invalidate the provisions of Chapter Eight of the Revised General Plan, then similar provisions of the 1997 plan would likewise fall, leaving the property subject to the 1993 Dulles South Area Management Plan. That plan would have envisioned the extension of central water and sewer to areas where Complainant's property is located. In developing a land development strategy for the property, this owner has the right to seek judicial review. Without determining the merits of the last assertion, the Court finds the allegations sufficient to satisfy the "actual case and controversy" required for the Court to exercise jurisdiction in the matter. This opinion is limited to the exercise of jurisdiction in this case.

The Board has also challenged the standing of complainant to bring the instant action. Complainant has a justiciable interest and personal stake in the outcome of this case so as to satisfy the requirement of standing. *Cupp v. Board of Supervisors*, 227 Va. 580 (1984). Complainant is the owner of the property that is subject to the Plan provisions and is intent on developing the property. An application for development was withdrawn in response to an earlier ruling in this case. Broad Run is directly affected by the existence or absence of conditions antecedent to development.

Declaratory relief affords a remedy to those seeking an end to the uncertainty attendant to controversy and the statutes providing for same are construed liberally. One commentator has opined that:

> [I]t is unsophisticated to aver that trial courts will not give advisory opinions or that they will not give ancillary relief if they do deign to give a declaratory judgment, or that courts will not give declarative relief if other relief is available. About all that remains from among those old recitations is a rule that parties will not be allowed to invent a case. If there is any opposition of legal positions to speak of today and judicial selection between them will do some good, there is a ripeness for declaratory relief.

John L. Costello, *Virginia Remedies*, § 16-9 (2d ed. 1999).

While the Court may not sponsor all of the conclusions reached by Professor Costello, they reflect the liberal interpretation accorded the remedial nature of declaratory relief. In permitting this case to go forward on the merits, the Court is mindful of the arguments with respect to the uncertainty attendant to the legislative process of any future rezoning of the tract.

As an owner considering the development of this property, Broad Run has made a claim that is not merely speculative. It need not be put to the expense of filing a rezoning application before seeking judicial intervention. *Riverview Farm Associates Virginia General Partnership v. Board of Supervisors of Charles City County*, 259 Va. 419 (2000); *City of Fairfax v. Shanklin*, 205 Va. 227 (1964).

Many of the arguments presented to the Court relate to the merits of the case. They have not been considered at this time. Because this is a facial challenge, the Court would inquire of counsel, what is to be the nature of proof in this case?