# CIRCUIT COURT OF THE CITY OF NORFOLK

Studio Center Corporation

v.

Samuel Ross M. Ferraro
and Word of Mouth
Productions, Inc.

February 15, 2007

Case No. CL06-1467

BY JUDGE ALFRED M. TRIPP

This case came before the Court on September 12, 2006, for argument on the Demurrer of the Defendants, Samuel Ross M. Ferraro and Word of Mouth Productions, Inc., to the Complaint filed on March 15, 2006, by the Plaintiff, Studio Center Corporation (Studio Center).

After consideration of the Memorandum of Law in Support of Defendants' Demurrer, the Memorandum of Law in Opposition to Defendants' Demurrer, and the argument of counsel on September 12, 2006, the Court overrules the Defendants' Demurrer.

A demurrer should succeed only when the pleading to which it responds "fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273. It is well-settled that a court ruling on a demurrer must "consider as true all material facts alleged in a bill of complaint, all facts impliedly alleged, and all reasonable inferences that can be drawn from such facts." *Riverview Farm Assocs., Va. Gen. P'shp v. Board of Supervisors*, 259 Va. 419, 427 (2000).

Studio Center has filed a breach of contract claim against Defendants. More specifically, Studio Center asserts that Defendants have violated the restrictive covenant contained in the "Freelance Performer Agreement" that the parties executed. Defendants base their Demurrer to the breach of contract claim on three main grounds. The Court will address each in turn.

## Termination of the Agreement

In its Complaint, Studio Center alleges that the parties' Agreement was terminated on December 13, 2005. Defendants counter that, by its terms, the Agreement cannot have been validly terminated on that date. Defendants further argue that the restrictive covenant contained in Paragraph 4 of the Agreement cannot take effect until the Agreement is properly terminated.

Virginia case law mandates that the Court accept "as true all material facts alleged in a bill of complaint when ruling on a demurrer. *Riverview Farm*, 259 Va. at 427. In this case, the validity and effect of the restrictive covenant is clearly a central issue. Therefore, termination of the Agreement is a material fact because it may prove dispositive as to whether the restrictive covenant was actually in effect at the time of the alleged breach. For the purposes of ruling on the Demurrer, the Court must accept as true Studio Center's allegation that the parties terminated the Agreement on or about December 13, 2005. At this stage of the proceedings, Defendants cannot prevail on their contention that the restrictive covenant never took effect because of improper termination of the Agreement.

## Incomplete Exhibits

Defendants argue that the Demurrer should be sustained because the Agreement is "incomplete on its face" and thus unenforceable. Specifically, Defendants assert that certain documents referred to in the Agreement and the Amendments have not been included as exhibits with the Complaint. Defendants have filed a Motion Craving Oyer seeking these documents, but admit in their Memorandum that Studio Center's counsel has provided these documents.

A pleading is "sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. Rule 1:4. Here, Studio Center's Complaint clearly sets forth a claim for breach of contract. The Complaint alleges that Studio Center and Defendants were parties to a contract and that Defendants violated the Agreement's restrictive covenant by contacting and performing services for Studio Center's clients. Defendants are

certainly entitled to receive the documents referenced in the Agreement, because "[w]hen a court is asked to make a ruling upon any paper or record, it is its duty to require the pleader to produce all material parts." *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 383 (1937). The failure to include these documents with the pleading, however, does not mean that Studio Center has failed to state facts upon which relief might be granted. The Court has entered an Order granting Defendant's Motion Craving Oyer.

### *Restrictive Covenant Unenforceable as a Matter of Law*

The predominant issue in this case is the validity of the restrictive covenant contained in the Agreement. In pertinent part, the Agreement provides that:

> The Talent [Defendants] further agrees that, for a period of one year following the termination of this Agreement or extension, he/she will not directly or indirectly perform the same Services covered by this Agreement for any organization, company, or individual for which the Talent performed such Services under this Agreement.

(Complaint, Exhibit A.)

In the Demurrer, Defendants contend that the restrictive covenant contained in the Agreement is "as a matter of law, unreasonable, overbroad, unduly harsh, and oppressive; therefore, not enforceable." In their Memorandum, Defendants argue that the restrictive covenant is overbroad due to the "multi-level nature" of this sector of the advertising industry. Defendants also assert that the restrictive covenant is overbroad because it prohibits Defendants from working with any Studio Center clients for whom they had performed services under the Agreement, not just those clients with whom Defendants have recently worked.

The law is well-settled, and the parties agree, that "restrictive covenants are disfavored restraints on trade." *Omniplex World Servs. Corp. v. United States Investigations Servs.*, 270 Va. 246, 249 (2005) (citation omitted). Furthermore, a restrictive covenant may only be enforced when a court finds that "the contract is narrowly drawn to protect the employer's legitimate business interest, is not unduly burdensome on the employee's ability to earn a living, and is not against public policy." *Id.* (citations omitted). It is also clear that "each non-competition agreement must be evaluated on its own merits, balancing the provisions of the contract with the circumstances of the

businesses and employees involved." *Id.* (citation omitted). More specifically, though, "each case must be determined on its own facts." *Modern Envt's, Inc. v. Stinnett*, 263 Va. 491, 493 (citations omitted). The case law from the Supreme Court of Virginia strongly suggests that, while the enforceability of a particular restrictive covenant is a question of law (see *Omniplex* at 249), the application of the law depends heavily on the facts and circumstances of a particular business arrangement.

Although restrictive covenant cases are fact-specific, there is precedent implying that a court may fairly sustain a demurrer if the covenant alleged to have been breached is facially invalid. In *Mutual Funding, Inc. v. Collins*, 62 Va. Cir. 34 (2003), the Circuit Court of Spotsylvania County considered sustaining a demurrer in a restrictive covenant case. The *Collins* Court reasoned that, "[b]ecause the covenants are attached as exhibits to the bill and are referred to in the bill, they are a part of the pleading (Rule 1:4(i)) and can be considered on demurrer." *Id.* at 36. The *Collins* Court ultimately overruled the demurrer, however, because it found that the restrictive covenant at issue was not "unenforceable per se." *Id.* at 37.

In view of *Collins* and of the case law from the Supreme Court of Virginia, this Court overrules Defendants' demurrer as to the restrictive covenant. The restrictive covenant in this case is not unenforceable per se. The covenant between Studio Center and the Defendants is not of undue length, as it only binds Defendants for one year. Furthermore, the covenant is not designed to bar Defendants from any participation in the advertising industry; rather, it seems to be intended to prevent Defendants from unfairly taking advantage of the contacts that Plaintiff has developed. In addition, the Amendments to the Agreement emphasize that the "Agreement applies only to voice-over broadcast advertising, not producing, writing, or other creative arts." (Complaint, Exhibit B, ¶ 3.)

Defendants also argue that the covenant is overbroad because it prohibits them from "directly or indirectly" performing services for Studio Center's clients. The Supreme Court of Virginia has, however, held a covenant containing similar language to be enforceable. *Roanoke Engineering Sales Co. v. Rosenbaum*, 223 Va. 548 (1982).

Defendants' arguments concerning the nature of the advertising industry and the many different entities that collaborate on a given advertising project are persuasive. The restrictive covenant may in fact prohibit Defendants from working with a large number of industry participants and may ultimately be unenforceable because it is overly burdensome on Defendants' ability to earn a living. This sort of argument, however, can only succeed if supported by evidence introduced at trial or other evidentiary

522

hearing. In considering a demurrer, the Court must confine itself to consideration of Studio Center's Complaint, not extrinsic evidence included in Defendants' Memorandum.

## Conclusion

The Court finds that Studio Center's Complaint alleges facts sufficient to state a claim for breach of contract. Accordingly, Defendants' Demurrer is overruled.

An Order Granting Oyer has been entered in this cause by the Court. A separate Order denying Defendants' objections to Plaintiff's discovery has also been entered.