# CIRCUIT COURT OF FAIRFAX COUNTY

Carolyn Joann Carr

v.

Business Systems
Mgmt., Inc., et al.

July 25, 2007

Case No. CL-2007-1556

BY JUDGE JONATHAN C. THACHER

This matter came before this Court on May 4, 2007 on Defendants Business Systems Management, Inc. ("BSM"), All First, Inc. ("All First"), and All Time, Inc's ("All Time") demurrer to Count I which alleges retaliatory discharge. The issue before the Court is whether Plaintiff Carolyn Joann Carr's allegation that she was fired for refusing to deceive a probation officer would constitute an exception under *Bowman v. State Bank of Keysville*, 229 Va. 534, 540, 331 S.E.2d 797, 801 (1985), to Virginia's employment-at-will doctrine. After considering the written pleadings and arguments at the May 4, 2007 hearing, the Court reaches the conclusions stated below.

*Background*

Plaintiff Carr alleges in her complaint that Defendants terminated her employment when she declined to deceive Defendant Mark I. Lampman's probation officer. Because of his desire to be assigned a different probation officer who was less strict, she contends that Lampman, her supervisor, asked her to send his probation officer a letter falsely stating that his business

address was changing to Loudoun County. According to her complaint, Carr was then to meet with the probation officer in order to support the claims of the letter.

Carr drafted the letter but refused to sign it or to meet with the probation officer and alleges that she was fired as a result. Carr's action includes a count for retaliatory discharge alleging obstruction of justice as an exception to Virginia's at-will employment doctrine under *Bowman. Id.*

Defendants BSM, All First, and All Time demurred to Plaintiff's Count I (Retaliatory Discharge). Defendants argue that as "probation officer" is not defined as a law enforcement officer under Virginia law, Carr would not have obstructed justice had she followed Lampman's alleged instruction. As a result, Defendants contend that the claim fails as a matter of law because there is no cause of action for retaliatory discharge under the facts as pleaded by Plaintiff.

Plaintiff opposes Defendants' demurrer by contending that "probation officers" are law enforcement officers as shown by their codified duties, which includes the power to arrest and recommit probationers. Va. Code § 53.1-145. Carr further argues that obstruction of justice is a proper basis for a *Bowman* exception to Virginia's employment-at-will doctrine, allowing her to recover for retaliatory discharge. They attempt to distinguish this case from others where the Supreme Court of Virginia has explicitly declined to allow wrongful discharge actions against employers based upon Va. Code § 18.2-460 (obstruction of justice) as a *Bowman* exception to the employment-at-will doctrine.

*Standard of Review*

A demurrer tests the legal sufficiency of the complaint to determine whether the facts alleged and all reasonable inferences arising from the facts give rise to a cause of action. *Riverview Farm Assocs. Va. Gen. Pshp. v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000). A complaint need not descend into statements giving details of proof; rather a complaint that contains sufficient allegations of material facts to inform the defendant of the nature and character of the claim is sufficient to withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). Because Virginia is a notice pleading state, even a flawed complaint that has been drafted so that the defendant is on notice of the nature and character of the claim will survive demurrer. *Id.*

## Count I: *Retaliatory Discharge*

Virginia recognizes employment-at-will, which generally allows an employer to discharge an employee for any reason that does not violate an established public policy of the Commonwealth. *Bowman*, 229 Va. at 540, 331 S.E.2d at 801. Three types of exceptions to the employment-at-will doctrine are recognized by the Supreme Court of Virginia under *Bowman* and its progeny: (1) a discharge of an employee for exercising a statutory created right, (2) a discharge for a reason contrary to a public policy explicitly expressed by statute, (3) and a discharge resulting from an employee's refusal to engage in an illegal act. *Id.* 263 Va. at 213-14, 559 S.E.2d at 711. *Bowman* exceptions are narrowly construed and extend only to specifically enumerated public policies. *Rowan v. Tractor Supply Co.*, 263 Va. 209, 213, 559 S.E.2d 709, 711 (2002).

In *Bowman*, two shareholder-employees claimed they were fired when they questioned the legality and validity of the shareholder proxies they signed under duress. 229 Va. at 537-38, 331 S.E.2d at 799. Finding that, if true, these allegations would violate the plaintiffs' statutory right to vote free of duress, the Court held that a cause of action lies when an employee is discharged based on violations of the public policy of the Commonwealth. *Id.* at 540, 331 S.E.2d at 801.

In her retaliatory discharge count, Carr claims she was fired for refusing to violate Virginia's obstruction of justice statute. The statute states that a person who "without just cause knowingly obstructs . . . any law-enforcement officer in the performance of his duties. . . ." is guilty of obstruction of justice. Va. Code 18.2-460(A).

Va. Code § 18.2-57 (assault and battery) defines a law enforcement officer as an employee of a police department or sheriffs office, conservation officer, game warden, jail warden, deputy sheriff, auxiliary policy officer, and auxiliary deputy sheriff. The powers and duties of a probation officer are enumerated in Va. Code § 53.1-145, and include the duty to investigate and report on cases assigned by judges, the duty to arrest and recommit those who violate their terms of probation, and the authority to carry a concealed weapon.

A law enforcement officer and probation officer share many of the same duties, such as conducting investigations and effectuating arrests. Neither the Virginia Code nor any available case law, however, defines a probation officer

as law enforcement officers, and this Court will not read probation officer into the statutory definition of a law enforcement officer. In the words of the Supreme Court of Virginia:

> [W]e presume that the legislature chose, with care, the words it used when it enacted the statute. Courts cannot add language to the statute the General Assembly has not seen fit to include. Nor are they permitted to accomplish the same result by judicial interpretation. Where the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning.

*Jackson v. Fidelity & Deposit Co.*, 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005).

Furthermore, the Supreme Court of Virginia has twice declined to allow wrongful discharge actions against employers based on Va. Code § 18.2-460 (obstruction of justice). In *City of Virginia Beach v. Harris*, 259 Va. 220, 233, 523 S.E.2d 239, 245-46 (2000), the plaintiff police officer was instructed by a superior to take no further legal actions against a suspect. Instead of obeying the order, the plaintiff swore out an arrest warrant against his superior for obstruction of justice, for which the plaintiff was fired. 259 Va. at 225-26, 523 S.E.2d at 241. Harris then brought a wrongful discharge action based upon *Bowman*, alleging that he had been terminated in violation of Virginia law. *Id.* at 226, 523 S.E.2d at 241-42. The Court stated that "the statutes relied upon by the circuit court (Va. Code § 18.2-460) do not fit within either of the instances where we have found public policies that support a *Bowman* type cause of action." The court found "no established public policy underlying Code § 18.2-460 that would support Harris' wrongful discharge cause of action." *Id.* 259 Va. at 234, 523 S.E.2d at 246.

In *Rowan*, the plaintiff alleged that she was fired after refusing to drop civil and criminal charges against her supervisor for assault and battery. 263 Va. at 211-12, 559 S.E.2d 709-10. The *Rowan* court used even stronger language than the *Harris* court in rejecting obstruction of justice as a basis for a retaliatory discharge action, stating that "§ 18.2-460 did not create any statutory right or a corresponding public policy of the type that would support an exception to the employment-at-will doctrine and thus allow a common law action for wrongful termination." 263 Va. at 215, 559 S.E.2d at 712.

While the facts of this case are distinguishable from *Harris* and *Rowan*, the Supreme Court of Virginia has clearly stated that obstruction of justice in violation of § 18.2-460 does not give rise to a *Bowman* exception to the

employment-at-will doctrine. Indeed, the Supreme Court of Virginia has twice rejected using the statute as an appropriate basis for a retaliatory discharge action.

## Conclusion

Because probation officers are not considered law enforcement officers under the Virginia Code, Carr would not have committed obstruction of justice under Va. Code § 18.2-460 had she followed Lampman's alleged instructions to deceive his probation officer. As a result, she has not stated a valid retaliatory discharge claim under the *Bowman* line of cases. Furthermore, an allegation that an employee was directed to obstruct justice is not a valid basis for a retaliatory discharge action under *Harris* and *Rowan*. Defendants' demurer as to Count I: Retaliatory Discharge is sustained.