# CIRCUIT COURT OF THE CITY OF NORFOLK

City of Norfolk

v.

Muladhara, L.L.C., et al.

October 23, 2009

Case No. (Civil) CL09-5280

BY JUDGE MARY JANE HALL

The matter comes before the Court on Defendants' Demurrer, which was argued by counsel on October 16, 2009. The Court overrules the Demurrer in part and sustains the Demurrer in part, as set forth below.

*Factual Background*

The Complaint alleges that Selden Arcade Associates, L.L.C., ("the L.L.C.") which is not a party to this suit, owns retail property known as Selden Arcade in the City of Norfolk. A Management Agreement attached as Exhibit A to the Complaint includes an assignment by the L.L.C. to Plaintiff of all rent collected from the leases of premises in the Selden Arcade. The Agreement itself bears no date but recites that it "is effective as of May 14, 2004."

The Complaint alleges that Defendants came to occupy commercial property in the Selden Arcade without first entering into a lease agreement with the City. It alleges that Defendants continuously occupied the Premises and conducted business from the location from January 1, 2006, through April 11, 2009, "without paying rent, fees or charges or any other monies" to the City for that occupation and usage.

In Count I, Plaintiff alleges a cause of action in implied contract based upon the following averments. Defendants knew that they were occupying commercial property for which the City collected rents; they were aware of the rental rates and of their obligation to pay rent to the City; and they made an unspecified number of rent payments to the City after "several telephone conversations."

In Count II, Plaintiff alleges a cause of action in *quantum meruit* for the reasonable rental value of the commercial premises. Plaintiff states that Defendants received the benefits of the use and occupation of the property and should be required to pay for that benefit to avoid unjust enrichment.

### Demurrer as to Gregory Peterman

Defendants argue that the Complaint includes no allegations as to Mr. Peterman other than that he is the president of Muladhara, L.L.C., which by itself is insufficient to support a claim that he is personally liable for debts of the L.L.C. They also assert that the Statute of Frauds prevents Plaintiff from charging Mr. Peterman for the debt of another.

The Complaint includes no facts concerning Mr. Peterman other than the repeated reference to occupation of the premises by "Defendants" (in the plural). The two causes of action alleged would arguably impose liability against Mr. Peterman only if he was using the premises in furtherance of some personal interest or business. If Plaintiff intended to allege that Mr. Peterman was personally occupying the premises or conducting some personal business from that location that would give rise to an implied agreement to pay rent, that claim must be alleged with more particularity. His status as president of a corporate tenant, without more, does not support a cause of action against him individually. The Complaint will be dismissed as to Mr. Peterman, with leave granted to the City to amend and include facts to support a personal basis for liability if any such exists.

### Demurrer as to Counts I and II:
### Implied Contract and Quantum Meruit

#### A. Implied Contract

Defendant argues that Count I fails to allege the elements to support any finding of a contract implied in fact, namely, offer, acceptance, and meeting of the minds. It argues that a contract implied in law requires an allegation that a plaintiff provided some service at the request of the party sought to be

charged. In this case, the Complaint confirms that the parties to this case had no agreement whatever, and Plaintiff does not plead that Defendant made any request of any sort to the City.

Plaintiff responds that paragraph 16 of the Complaint, with its reference to telephone conversations between Plaintiff and Defendant and the allegation that Defendant made several payments to the City, sufficiently describes the conduct from which the Court could infer the required elements of an agreement and/or a request.

In evaluating a demurrer, the court shall "consider as true all material facts alleged in a bill of complaint, all facts impliedly alleged, and all reasonable inferences that can be drawn from such facts" to determine if plaintiff has stated a cause of action. *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000). As the Court held in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993):

> When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. And even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars.

*Id.*, citing *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918); *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749-50 (1951).

The Court agrees that Plaintiff omitted details regarding the formation and nature of any alleged contractual relationship, which details would certainly be necessary for Plaintiff to prevail on its claims. At this early stage of the case, however, the allegations pleaded and all reasonable inferences from those allegations permit the Complaint to withstand demurrer. The allegation in paragraph 16 about discussions between Plaintiff and Defendant that preceded several payments of rent, the allegations regarding Defendant's ongoing use and enjoyment of premises for which it had an obligation to make rental payments, and the reasonable inferences that can be drawn from those allegations sufficiently describe "the nature of the claim" as an implied

contract by which Defendant should be charged with a reasonable rental rate. *See CaterCorp, Inc.*, 246 Va. at 24, 431 S.E.2d at 279. Thus, the Defendant's Demurrer is overruled with respect to the implied contract count.

## B. *Quantum Meruit*

Defendant argues that Count II fails to allege the elements to support recovery in *quantum meruit*, because Plaintiff failed to allege a request or agreement between the two parties. Also, Defendant contends that *quantum meruit* applies only to compensate for the value of labor or services provided and not for the reasonable rental value of real property. As discussed above, the Court finds that the allegations from which reasonable inferences can be drawn to establish a request or an agreement permit the Complaint to withstand demurrer. The Court need not reach a decision as to whether a request for recovery in *quantum meruit* in fact requires such an allegation, inasmuch as the Court finds the allegations to be sufficient when viewed in the light most favorable to Plaintiff.

The Court is not persuaded that a *quantum meruit* recovery must be denied to a plaintiff seeking reasonable rental value of property. The Virginia Supreme Court held in *Hendrickson v. Meredith*, 161 Va. 193, 170 S.E. 602 (1933), "It is a general rule of law that he who gains the labor *or acquires property* of another must make reasonable compensation for the same. Hence when one furnishes labor to another under a contract which, for reasons not prejudicial to the former, is void and of no effect, he may recover the value of his services on a *quantum meruit*." *Id.* at 198; *see also County of Campbell v. Howard and Lee*, 133 Va. 19, 49, 112 S.E. 876, 884-85 (1922), where the Court held:

> For property transferred or services rendered by one to another, the law implies a promise to pay what the thing or the property is worth. The party then recovers, to use technical language, on a *quantum meruit* or a *quantum valebat* and the measure of damages becomes a question of evidence as to the value of the property or services.

*Id.*

Although the holdings of *Hendrickson* and *County of Campbell* applied the *quantum meruit* doctrine to provide recoveries for the reasonable value of services and not property, the language used by the Court in each decision allows for the application of the doctrine to property acquired as well. In this

case, the City or its assignor has arguably provided commercial property to Defendant for which Defendant should pay a reasonable compensation. The Court has not located any authority in which the doctrine has been extended to impose liability for the reasonable rental value of real property, but neither has it has found authority prohibiting its application. The *dicta* from the decisions quoted above, supports allowing Plaintiff to avail itself of the theory in this case.

Thus, the Court will overrule the Defendant's Demurrer with respect to the *quantum meruit* claim.

### Other Grounds for Demurrer

### A. *Liability on a Sublease*

Defendant states that the only entity liable to Plaintiff would be the original lessee of the premises who thereafter subleased to Defendant. Defendant claims that as a sublessee, it should not face exposure both to its sublessor as well as to the City. At oral argument, Plaintiff's counsel stated that the Complaint included no allegations regarding a sublease and that the Court was therefore precluded from considering this issue raised by Defendant.

Defendant's contention might properly lie as a plea in bar or a motion for summary judgment. At the demurrer stage, with no allegation in any pleading before the Court relating to a sublessor or other third party, the Court may not consider this basis for Defendant's requested relief.

### B. *Allegations of Ownership*

Defendant argues that the record does not establish the commencement date of the City's Management Agreement with the L.L.C. or the period during which the L.L.C. owned Selden Arcade. The Complaint states that the L.L.C. "is" the owner of Selden Arcade, but it does not confirm that the L.L.C. owned the property during the period for which Plaintiff seeks rental payments from Defendant.

The Court agrees that the Complaint is lacking in the respects noted by Defendant but concludes that the inferences attributable to the pleaded facts would fill those gaps and suggest both that the Management Agreement was effective and that Selden Arcade was owned during the period relevant to this dispute. Defendant is certainly entitled to explore those gaps at greater length in discovery and bring any revealed discrepancies to the attention of the Court but, based on the pleadings alone, is not entitled to dismissal at this time.

## C. *Late Fees and Monthly Rent Amounts*

Defendant points out that the Complaint pleads no facts that would permit the Court to determine that it is liable for late fees in the amount of 6% (as shown in Exhibit B) or the particular monthly amount of $2,251.31. The Court agrees. The *ad damnum* included in the Complaint is stricken for an insufficient factual basis. Plaintiff is directed to amend the Complaint to substitute its request for the reasonable rental value of the property and/or some other figure that is supported by pleaded facts establishing Plaintiff's entitlement to such figure.