# CIRCUIT COURT OF NELSON COUNTY

C. Allen Foster,
Susan C. Foster,
and William F. Jones

v.

Wintergreen Real Estate Co.,
Richard C. Carroll,
and Peter V. Farley

October 27, 2011

Case No. CL09000086

By Judge J. Michael Gamble

By letter dated November 16, 2010, I ruled on the various demurrers of the defendants. In that ruling, I sustained the demurrer to Count VI and dismissed that count█ The plaintiffs have moved the court to reconsider the dismissal of Count VI.

Count VI alleges statutory conspiracy in violation of Va. Code §§ 18.2-499 and 18.2-500. In my earlier opinion letter, I noted that, in order for a pleading of statutory conspiracy to survive a demurrer, it must allege an unlawful act or unlawful purpose. *Station # 2, L.L.C. v. Lynch*, 280 Va. 166, 173, 695 S.E.2d 537-41 (2010). Further, after reviewing the pleadings, I ruled that the allegations of statutory conspiracy alleged nothing more than a conspiracy to breach the brokerage contracts between the parties and that a civil claim for fraud is insufficient to allege an unlawful act or unlawful purpose.

The plaintiffs have now asked the court to reconsider this ruling on the grounds that three other causes of action alleged in the complaint can constitute an unlawful act or unlawful purpose. In particular, the plaintiffs request the court to find that the allegations of tortious interference with contract, breach of professional and fiduciary duties, and false advertising are sufficient acts to come within the Statute.

I will begin with tortious interference with contract. A cause of action of tortious interference with contract is an intentional interference with the performance of a contract by a third party. *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 558-59, 708 S.E.2d 867, 870 (2011). Because the intracorporate immunity doctrine would apply to the defendants (see discussion in opinion letter of November 16, 2010), the defendants could not commit a tortious interference with contract of the plaintiffs because Wintergreen Real Estate Company ("WREC") and the individual defendants are one entity.

In *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993), cited by the plaintiffs, the defendants alleged to have committed the tortious interference with contract were third parties to the noncompetition agreement between the plaintiff and its employee. Thus, because the intracorporate immunity doctrine is applied in this case, the defendants cannot constitute third parties that interfered with the contract between WREC and the plaintiffs.

I am aware that the plaintiffs request the court to reconsider its ruling on the intracorporate immunity doctrine based upon discovery of the alleged independent contractor agreements by each of the individual defendants with WREC. That issue will be discussed below.

The plaintiffs also argue that breach of statutory and fiduciary duties by the defendants constitute a sufficient unlawful act or unlawful purpose to satisfy the requirements of statutory conspiracy. As I noted in the opinion letter of November 16, 2010, Va. Code § 54.1-2131 sets forth the duties of agents representing sellers, and Va. Code § 54.1-2132 sets forth the duties of agents representing buyers. Paragraph 7 of each of these statutes requires that the licensees (brokers) comply with applicable "statutes and regulations."

In their motion for reconsideration, the plaintiffs argue that the court should hold that other independent statutory violations and violations of regulations constitute an unlawful act or purpose. However, other independent statutory requirements and the regulations of Department of Professional and Occupational Regulations ("DPOR") have been incorporated into each contract between broker and client. Accordingly, any statutory or fiduciary duties of real estate brokers to their clients become part of the contractual relationship for the same reasons set forth in my earlier decision of November 16, 2010. Further, because these duties have become contractual, the economic loss doctrine prevents a recovery in tort.

Next, the plaintiffs argued at the motions hearing that the allegations of false advertisement in violation of Va. Code § 18.2-216 are sufficient unlawful acts or purposes to satisfy a claim for statutory conspiracy. In this regard, the allegations of Count VIII merely allege that the named defendants violated the false advertising statute. Due to the intracorporate immunity doctrine, WREC and the individual defendants constitute one

entity. Accordingly, WREC and the named defendants cannot constitute a conspiracy because there must be more than one entity to constitute the conspiracy.

However, I am aware that, in the motion for reconsideration the plaintiffs request the court to consider whether High Country Associates, L.L.C. ("HCA") and Southern Title Blue Ridge Settlement, L.L.C. ("STBRS") are non-party co-conspirators. While this has not been alleged in Count VIII, I will consider it in the context of whether the plaintiffs should be allowed to amend their complaint. First, with respect to STBRS, there is no allegation that it was involved in any false advertising. Therefore, I cannot find that STBRS was involved in any conspiracy with the defendants to engage in an unlawful act or unlawful purpose under the false advertising statute, Va. Code § 18.2-216.

The analysis of whether HCA engaged in an unlawful act or unlawful purpose with the defendants under Va. Code § 18.2-216 requires a different analysis. In paragraphs 119-130, the complaint alleges that HCA conspired with the defendants to engage in certain false representations and concealment of material facts concerning "The Ledges." Included in this portion of the complaint are the allegations that certain false representations were made in the Private Placement Memorandum for Summit House that would be distributed to financial institutions to obtain financing for The Ledges. It is alleged that the plaintiffs relied on these misrepresentations.

Accordingly, the argument could be made that this is a false advertising under Va. Code § 18.2-216. However, the provisions of that statute only apply to written material that offers something for sale or is disseminated, circulated, or placed before the public. In this instance, the private placement memorandum is, by its own definition, a document that is not offered to the public or placed before the public in a publication. It is a private document limited in its distribution. Therefore, it cannot qualify under Va. Code § 18.2-216. The complaint also alleges that HCA was involved in certain false misrepresentations and concealment of facts concerning "Stoney Creek" in paragraphs 131-136. However, there is no allegation of false advertisement by HCA in this portion of the complaint.

Next, in their motion for reconsideration, the plaintiffs ask the court to reconsider the ruling that WREC and the individual defendants were not legally separate persons and subject to the intracorporate immunity doctrine. The plaintiffs state in their motion that the defendants were not actually owners of WREC, except for Richard Carroll. It appears that the other individual defendants have formed corporations that own stock in WREC. Further, the plaintiffs seem to maintain that, by contractual agreement or otherwise, the individual defendants are independent contractors.

In the allegations of the complaint, paragraphs 4-9, it is stated that each of the individual defendants is a supervising and managing broker of WREC. Thus, it is clear, that the individual defendants are the persons who operate

WREC. Further, in the various oral arguments presented to the court, it seems to be agreed by the parties that the individual defendants also serve as officers and directors of WREC. Accordingly, it is apparent to the court that the individual defendants are the agents who actually manage the day-to-day operations of WREC, and therefore subject to the intracorporate immunity doctrine.

In their argument opposing the motion for reconsideration, the defendants cite *Cvent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d 927 (E.D. Va. 2010). In *Cvent*, the court applied a "unity purpose" concept to analyze whether the corporation and individuals are subject to the intracorporate immunity doctrine. In the instant case, it is clear that WREC and the individual defendants do have a unity of purpose and the rationale of *Cvent* would apply. Accordingly, I decline to change my earlier decision that WREC and the individual defendants are subject to the intracorporate immunity doctrine.

Last, the plaintiffs have argued that the court should consider HCA and STBRS as separate entities from WREC and the individual defendants for purposes of applying the intracorporate immunity doctrine. In this regard, I do agree that HCA and STBRS are separate entities from WREC and the individual defendants for purposes of the intracorporate immunity doctrine. Even though there was overlapping common ownership in all three corporations by the individual defendants, these are separate legal entities. However, I cannot find that there are sufficient allegations that STBRS participated in any conspiracy constituting an unlawful act or purpose with the named defendants. This includes the lack of sufficient allegations that STBRS committed an unlawful act or unlawful purpose along with the defendants to breach fiduciary or statutory duties, falsely advertise, or commit a tortious interference with contract.

Likewise, I find that there are insufficient allegations regarding HCA to find that it engaged in unlawful acts or purposes with respect to breach of statutory or fiduciary duties or false advertising. However, I do find that there are sufficient allegations in paragraphs 119-130 of the complaint to satisfy the requirement that HCA conspired with the defendants to commit an unlawful act or purpose through intentional interference with the contract between plaintiffs and defendants for "The Ledges." HCA is a third party that is alleged to have interfered with the contract. I find that the allegations are sufficient to constitute tortious interference with contract. See *Dunn, McCormack & MacPherson*, 281 Va. at 558-59, 708 S.E.2d at 870, for a list of the elements of tortious interference with contract. See also *CaterCorp, supra*, for the principle that tortious interference with contract can be an unlawful act or purpose.

Accordingly, I will revise my opinion issued by letter dated November 16, 2010, to overrule the demurrer to Count VI (statutory conspiracy) with respect to the allegations of tortious interference with "The Ledges"

contract. Further, the plaintiffs are granted leave to amend the complaint to include these allegations in Count IX of the complaint.