# COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Decker
Argued at Norfolk, Virginia

KATHIE LEONIDE BOZSIK

MEMORANDUM OPINION[*] BY
v.        Record No. 1468-14-1          JUDGE RANDOLPH A. BEALES
                                        APRIL 14, 2015

CHARLES JOSEPH BOZSIK AND
  CHARLES JOSEPH BOZSIK,
  SOLE SURVIVING TRUSTEE OF THE
  CHARLES BOZSIK AND LINDA LEE
  BOZSIK LIVING TRUST

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Michael E. McGinty, Judge

Breckenridge Ingles (Monique W. Donner; Martin, Ingles &
Hensley, Ltd., on brief), for appellant.

John Tarley, Jr. (Tarley Robinson, PLC, on brief), for appellees.

Kathie Leonide Bozsik (wife) appeals the circuit court's orders granting the demurrer pled

by Charles Joseph Bozsik (husband) and directing wife to sign a quitclaim deed and to pay

$5,953.01 in attorneys' fees and costs to husband. For the following reasons, we reverse and

remand the matter to the circuit court for further proceedings consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 29, 2011, the parties entered into a pre-marital agreement (the PMA). Pertinent to this appeal, the PMA included the following provision concerning a life estate for wife in a residence on Pinebrook Road (the residence):

> Husband will execute and have recorded a deed to the residence owned by him and situate[d] at 7151 Pinebrook Road, Williamsburg, Virginia 23188, which deed shall provide for a life estate to be vested in Wife. Wife shall have the opportunity to continue to occupy the residence after the death of Husband, however that she shall be fully and solely responsible for utilities, taxes, repair and maintenance of the home during her period of occupancy. Further, Wife agrees that upon her ceasing to occupy the residence as her primary place of abode (at least 305 days per calendar year) she shall upon request sign such documents as may be required to terminate her life estate and permit the property to be disposed of in accordance with the provisions of the Charles Bozsik and Linda Lee Bozsik Living Trust dated September 19, 2006.

The parties married in the City of Williamsburg on January 27, 2012. They separated on August 22, 2012. Husband filed a complaint for divorce in the circuit court.

On January 2, 2013, the circuit court entered a *pendente lite* order that memorialized its rulings from a hearing held on December 4, 2012. In the *pendente lite* order, the circuit court acknowledged wife's life estate in the residence – as provided for in the PMA – yet also ordered wife to vacate the residence.[2] The record on appeal in this matter does not indicate why the circuit

---

[1] Given that the circuit court "decided this case upon a demurrer without an evidentiary hearing," our review on appeal is of the facts alleged in wife's pleadings. Sales v. Kecoughtan Hous. Co., 279 Va. 475, 478, 690 S.E.2d 91, 92 (2010). We must "consider as true all material facts alleged in [wife's] complaint, all facts impliedly alleged, and all reasonable inferences that can be drawn from such facts." Riverview Farm Assocs. v. Board of Supervisors, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000).

[2] Among the circuit court's rulings in the *pendente lite* order were that: (1) the PMA between husband and wife "is valid and binding"; (2) the PMA "is ratified, affirmed, and incorporated by reference into this Court's order"; (3) wife "is ordered to vacate" the residence "within fifteen days of December 4, 2012 and shall leave the residence in its existing condition"; (4) husband "shall have sole and exclusive use and possession of the marital residence" beginning

court ordered wife to vacate the residence. However, it is clear from the record that wife complied with the *pendente lite* order and vacated the residence pursuant to that court order.

On March 28, 2013, husband signed a deed pertaining to the residence, in which wife was granted a life estate in the residence "for so long as she wishes to occupy it as her residence . . . ."[3] This deed, which was recorded on April 9, 2013, apparently has not been supplanted by a later deed or modified in any way.

On September 27, 2013, the circuit court entered a "Decree of Divorce," in which it granted husband a divorce from wife on no-fault grounds. The decree incorporated the PMA's provisions, and the parties were ordered to follow the PMA's terms. Addressing the property at issue in the divorce, including wife's life estate in the residence, the divorce decree stated:

> ADJUDGED, ORDERED, and DECREED that jointly owned 2012 Lexus RX automobile purchased during the marriage, in accordance with the Pre-Marital Agreement, is equally owned property. Henceforth the vehicle shall remain in [wife's] sole possession and [wife] shall be responsible for all costs associated with the use of the vehicle, including, but not limited to, the payment of personal property taxes, liability insurance, licensing, maintenance, and repair. The value of the automobile shall be determined in a partition suit that will be filed subsequent to this proceeding, and [wife's] obligation to pay [husband] one-half of the fair market value of the vehicle shall be offset against [husband's] obligation to pay [wife] for the life estate that she has in and to the marital residence located at 7151 Pinebrook Road, Williamsburg, Virginia.
>
> Defendant's life estate in the marital residence shall be valued in a partition suit that will be filed upon conclusion of this suit and will deal with both the 2012 Lexus RX automobile and [wife's] life estate in the marital residence.

On October 9, 2013, wife filed in the circuit court a complaint for partition of the residence, to which husband filed a demurrer. Wife then filed a complaint for possession of the residence on

on December 19, 2012; and (5) wife "is granted sole and exclusive use and possession of the 2012 Lexus," which the parties do not dispute is marital property in this case.

[3] This deed contains language stating that it was prepared pursuant to the parties' PMA, which was incorporated by reference into the *pendente lite* order.

December 20, 2013, to which husband also filed a demurrer. On December 27, 2013, husband filed a petition for a rule to show cause in the circuit court, in which he requested that the circuit court order wife to sign a quitclaim deed relinquishing the life estate and that the circuit court award husband reasonable attorneys' fees and costs.

At a hearing on February 18, 2014, the circuit court considered wife's complaint for partition, wife's complaint for possession, and husband's petition for a rule to show cause. Furthermore, the circuit court also considered and granted husband's demurrers to wife's partition and possession complaints at that time. Consequently, no evidence was taken at that hearing – although the parties and the circuit court did refer to the PMA, the *pendente lite* order and divorce decree, and the April 9, 2013 deed. Wife has not assigned error to the circuit court's decision to grant husband's demurrer to the partition complaint – and, therefore, we need not and do not address that issue on appeal. However, wife has assigned error to the circuit court's decision to grant husband's demurrer to the possession complaint.

At the February 18, 2014 hearing, the circuit court found that wife had no right to possession of the residence. Specifically, the circuit court found that wife forfeited her life estate in the residence, under the terms of the PMA, by failing to occupy the residence as her "primary place of abode" for 305 days per year. The circuit court stated that it was immaterial that wife actually left the residence so as to comply with the *pendente lite* order – which had directed wife to vacate the residence by December 19, 2012. Given its finding at the February 18, 2014 hearing that wife was no longer entitled to hold a life estate in the residence, the circuit court also ordered wife to sign a quitclaim deed formally relinquishing her life estate. Furthermore, the circuit court found that husband was entitled to an award of attorneys' fees and costs -- the specific amount for which was determined at a subsequent hearing on April 21, 2014. The circuit court issued three final orders on

- 4 -

July 1, 2014 (relating to the partition complaint, the possession complaint, and the petition for a rule to show cause), and the circuit court consolidated those cases for purposes of appeal.

On appeal to this Court, wife has raised seven assignments of error, alleging that the circuit court erred:

(1) "in sustaining Husband's Demurrer to Wife's complaint for possession";

(2) "in ordering Wife to sign and deliver a deed terminating her life estate";

(3) "in holding that Wife forfeited her life estate by complying with the *pendente lite* order in the divorce suit";

(4) "in not finding the premarital agreement could be subject to an implied condition that Wife's absence from the marital residence had to be voluntary in order for her life estate to be forfeited";

(5) "in not finding that the condition that required Wife to occupy the residence as her primary place of abode was deemed satisfied because Husband prevented Wife's performance of that condition";

(6) "in making an award of attorney's fees in a contempt proceeding in which no show cause order had been entered or served on Wife"; and

(7) "in ordering Wife to pay attorney's fees and costs."

## II. ANALYSIS

### A. SUBJECT MATTER JURISDICTION

Prior to oral argument before this Court, the parties were instructed to address during oral argument whether this Court has subject matter jurisdiction to consider wife's appeal, given that wife's complaint for possession was filed under Code § 8.01-131.[4] Code § 17.1-405(3) states that

---

[4] The record indicates that an appeal to the Supreme Court of Virginia was initially anticipated by the parties. Wife's counsel explained during oral argument before this Court that, upon a close inspection of pertinent authority, he concluded that wife's assignments of error actually implicate this Court's appellate subject matter jurisdiction. Husband's counsel stated during oral argument that he agreed with that position on the jurisdictional issue. Although subject matter jurisdiction cannot be conferred by the agreement of the parties, Afzall v. Commonwealth, 273 Va. 226, 230, 639 S.E.2d 279, 282 (2007), we conclude that this Court possesses subject matter jurisdiction to consider and decide this appeal. See generally Ferrante v. Krist, Record No. 141274 (Va. Nov. 3, 2014); Bullock v. Bullock, Record No. 130920 (Va. July 30,

this Court's subject matter jurisdiction includes appeals from orders of divorce and "[a]ny other domestic relations matter arising under Title 16.1 or Title 20 . . . ." Code § 17.1-405(3); see CVAS 2, LLC v. City of Fredericksburg, __ Va. __, ___, 766 S.E.2d 912, 914 (2015); see also Khanna v. Khanna, 18 Va. App. 356, 357 n.1, 443 S.E.2d 924, 925 n.1 (1994) (where this Court, relying on the Supreme Court's order in Carlton v. Paxton, Record No. 910689 (Va. May 15, 1991), decided an appeal that arose out of an independent cause of action under Title 8.01 when that cause of action also clearly related to a domestic relations matter within this Court's subject matter jurisdiction) .

Here, husband was granted a divorce from wife under Code § 20-91(A)(9)(a) in the September 27, 2013 divorce decree, which incorporated the provisions of the PMA. See Code § 20-109.1 (stating that the provisions of an incorporated agreement are "enforceable in the same manner as any provision of such decree"). However, even though the PMA provided for wife's life estate in the residence and was incorporated into the circuit court's *pendente lite* order and divorce decree, the divorce decree did not actually resolve any issue with respect to wife's life estate in the residence, including the right to possess the residence. Instead, the circuit court *deferred* any future rulings about the life estate (and about the parties' Lexus automobile that was purchased during the marriage) pending further litigation that would occur in the circuit court. The present litigation that is now on appeal before us is simply the continuation of the domestic relations issues between the parties as anticipated by the circuit court in its September 27, 2013 divorce decree.

Therefore, under the circumstances presented here, this Court's subject matter jurisdiction is properly invoked because the issues on appeal "clearly arose out of the enforcement of a provision" of the divorce decree. Douglas v. Douglas, 17 Va. App. 380, 382, 437 S.E.2d 244, 245 (1993); see also Khanna, 18 Va. App. at 357 n.1, 443 S.E.2d at 925 n.1. Accordingly, we agree with the parties

2013); Jerge v. Woodward, Record No. 112215 (Va. April 30, 2012) (transferring jurisdiction from the Supreme Court of Virginia to the Court of Appeals).

that this Court possesses subject matter jurisdiction to adjudicate the issues raised in wife's assignments of error.

## B. DEMURRER AND SHOW CAUSE RELIEF

Wife argues on appeal that the circuit court erred when it granted husband's demurrer of wife's complaint for possession. She also challenges the circuit court's decision to grant husband the relief he requested in his petition for a rule to show cause – i.e., an order directing wife to sign husband's quitclaim deed relinquishing wife's life estate to the residence and awarding husband his attorneys' fees and costs (which the circuit court determined to be $5,903.51).[5]

Husband argues that wife's decision not to appeal the September 27, 2013 divorce decree essentially forecloses the assignments of error that she raises to this Court now on appeal. Husband contends that wife should have appealed the divorce decree if she wanted to argue that she had a right to possession of the residence, but did not do so. Husband asserts that the divorce decree is a final order that did not grant wife a right to possession of the residence. Consequently, husband argues that wife cannot establish any right to possession of the residence because she did not appeal the divorce decree – which, he claims, became final for all purposes twenty-one days after it was entered. See Rule 1:1.

However, Code § 20-107.3 "'mandates' that trial courts determine the ownership and value of all real and personal property of the parties." Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (quoting Hodges v. Hodges, 2 Va. App. 508, 516, 347 S.E.2d 134, 139 (1986)). In this case, as explained *supra*, the September 27, 2013 "Decree of Divorce" plainly did

---

[5] The circuit court found that husband's entitlement to this show cause relief necessarily flowed from its ruling that wife lacked any claim to possession of the residence. In addition to wife's main argument on appeal that the circuit court erred in dismissing her complaint for possession at the demurrer stage, wife also argues that the circuit court erred as a procedural matter in awarding husband his requested show cause relief even though the circuit court never issued a rule to show cause against wife and never actually found wife in contempt of the divorce decree. Given the nature of our decision here, however, we need not and do not address that specific argument.

not adjudicate all of the issues pertaining to the property at stake in the divorce proceedings. The plain language of the divorce decree expressly deferred any determination of the value of wife's life estate in the residence (as well as husband's interest in the Lexus automobile, which is not disputed to be marital property) until *further* litigation could occur in the circuit court.

> As defined by the Virginia Supreme Court, a final order "'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (quoting Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)); see also Seguin v. Northrop Grumman Sys. Corp., 277 Va. 244, 247, 672 S.E.2d 877, 878 (2009); Upper Occoquan Sewage Auth. v. Blake Constr. Co., 275 Va. 41, 60, 655 S.E.2d 10, 21 (2008); Ragan v. Woodcroft Vill. Apartments, 255 Va. 322, 327, 497 S.E.2d 740, 743 (1998). If "further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree is not final but interlocutory." Brooks v. Roanoke County Sanitation Auth., 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960).

de Haan v. de Haan, 54 Va. App. 428, 436-37, 680 S.E.2d 297, 302 (2009). Applying this definition of "final order" to the September 27, 2013 "Decree of Divorce," the divorce decree here was not a final order. Under settled principles, an immediate appeal from the divorce decree was not required in order to vindicate wife's right to her life estate of the residence. See Hess v. Hess, 108 Va. 483, 486, 62 S.E. 273, 274 (1908).

Furthermore, we hold that the circuit court erred in disposing of wife's claim for possession of the residence on husband's demurrer.

> The purpose of a demurrer is to determine whether a complaint states a cause of action upon which the requested relief may be granted. Dunn, McCormack & MacPherson v. Connolly, 281 Va. 553, 557, 708 S.E.2d 867, 869 (2011). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." Id. (internal quotation marks omitted). Thus, unlike a motion for summary judgment, a demurrer "does not allow the court to evaluate and decide the merits of a claim." Fun v. Virginia Military Inst., 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993); see also Concerned Taxpayers

- 8 -

v. County of Brunswick, 249 Va. 320, 327-28, 455 S.E.2d 712, 716 (1995).

Assurance Data, Inc. v. Malyevac, 286 Va. 137, 143, 747 S.E.2d 804, 807 (2013); see Reston Hospital Center, LLC v. Remley, 59 Va. App. 96, 109, 717 S.E.2d 417, 424 (2011); see also, e.g., Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 357, 699 S.E.2d 483, 487 (2010) (stating that, when a circuit court decides a cause of action on a demurrer, "we review the circuit court's judgment *de novo*").

The record on appeal from the circuit court's decision on husband's demurrer establishes: (1) that the PMA contained a provision establishing a life estate for wife in the residence; (2) that the PMA was incorporated by court order; and (3) that a life estate had been conveyed to wife by the deed to the residence that was recorded on April 9, 2013.[6]  In addition, as stated in wife's complaint for possession, the circuit court in the *pendente lite* order directed wife to vacate the residence by December 19, 2012 – and wife complied with that order.

In short, the issue here on appeal is whether the circuit court erred in finding that wife forfeited her right to the life estate to the residence, as a matter of law, when she complied with the *pendente lite* order and left the residence by December 19, 2012.  The circuit court accepted husband's argument that wife forfeited her life estate in the residence if – *for any reason* – she no longer maintained the residence as her "primary place of abode" as defined in the PMA.  The circuit court found:

> [The] premarital agreement indicates that she's to sign over or terminate [the life estate] when she ceases to occupy the residence for more than 305 days in a calendar year.  And it's undisputed that for 2013 that time was met.

---

[6] Given that the PMA, the circuit court's *pendente lite* order, the circuit court's divorce decree, and the April 9, 2013 deed were all referenced in wife's complaint for possession, the circuit court was permitted to consider those documents in assessing wife's complaint in light of husband's demurrer.  See Fleming v. Anderson, 187 Va. 788, 794-95, 48 S.E.2d 269, 272 (1948).

Wife's counsel sought clarification of this ruling and asked, "The period of time that she's out based on this Court's order is counting against her on the 305 days?" In response, the circuit court found that "[i]t has to by definition . . . ." Thus, the circuit court found that wife forfeited her life estate solely by complying with the circuit court's order to leave the residence.

Binding authority holds that a party *must* obey an order entered by a court of competent jurisdiction. See Robertson v. Commonwealth, 181 Va. 520, 536, 25 S.E.2d 352, 358 (1943). "'[I]f a court has jurisdiction of the parties and legal authority to render the order, then it must be obeyed even though it was erroneous or improvidently entered.'" Epps v. Commonwealth, 47 Va. App. 687, 702, 626 S.E.2d 912, 919 (2006) (en banc) (quoting Robertson, 181 Va. at 536, 25 S.E.2d at 358); see also Potts v. Commonwealth, 184 Va. 855, 861, 36 S.E.2d 529, 531 (1946) (stating that a party should properly challenge "an adverse judgment or ruling" through the courts – not by engaging in "disobedience of such order or by interfering with or obstructing the judicial processes"). Wife had no choice but to comply with the *pendente lite* order. Essentially, therefore, the circuit court made it impossible for wife to satisfy the PMA's 305-day residency provision when it ordered her to leave the residence.

Wife argues on appeal (as she argued in the circuit court) that the parties simply did not contemplate a court order to vacate the residence when they agreed upon the 305-day "primary place of abode" provision in the PMA. She contends that the "primary place of abode" provision of the PMA was only intended to encompass scenarios where wife voluntarily vacates the residence and, as a result of that voluntary decision, establishes her primary place of abode at a different location. In support of this position, wife has noted in the circuit court and now on appeal that the April 9, 2013 deed grants her a life estate in the residence "for so long as *she wishes* to occupy it as her residence . . . ." (Emphasis added). She contends that this language from the deed is consistent

with her interpretation of the PMA that was incorporated into the *pendente lite* order and the divorce decree.

Granting to wife "all reasonable inferences" that can be drawn from the facts alleged in wife's complaint for possession, Riverview Farm Assocs. v. Board of Supervisors, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000), husband's demurrer to that complaint was not properly sustainable because wife's complaint for possession "states a cause of action upon which relief may be granted." Kaltman v. All Am. Pest Control, Inc., 281 Va. 483, 488-89, 706 S.E.2d 864, 867 (2011). Therefore, the circuit court erred when it "decid[ed] the dispute without permitting the parties" to present their conflicting evidence at an evidentiary hearing "on the merits." Renner v. Stafford, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993); see Breeding v. Hensley, 258 Va. 207, 214, 519 S.E.2d 369, 372 (1999); CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993); see also Assurance Data, Inc., 286 Va. at 139, 747 S.E.2d at 805.

Accordingly, we reverse the circuit court's order granting husband's demurrer of wife's complaint for possession of the residence. Consequently, we also reverse the circuit court's orders directing wife to sign the quitclaim deed relinquishing her life estate in the residence and awarding husband $5,953.01 in attorneys' fees and costs.

### III. CONCLUSION

It was error to find that wife forfeited her right to a life estate in the residence because she obeyed the circuit court's own directive in the *pendente lite* order requiring her to vacate the residence. Therefore, the circuit court erred in granting husband's demurrer of wife's complaint for possession of the residence, and the circuit court also erred in granting husband the relief that he requested in his petition for a rule to show cause. We remand the matter to the circuit court for an evidentiary hearing in order for the circuit court to decide on the merits the rights of the parties to

- 11 -

the property interests implicated in the parties' marriage, including wife's life estate in the residence.

Reversed and remanded.