**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 16th day of April, 2015.


Edwin M. Ramos, et al.,                                    Appellants,

 against       Record No. 141080
               Circuit Court No. CL2013-10944

Wells Fargo Bank, NA, et al.,                              Appellees.


                              Upon an appeal from a
                              judgment rendered by the Circuit
                              Court of Fairfax County.


Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that the circuit court did not err in sustaining a demurrer to the second amended complaint of appellants, Edwin M. Ramos and Evelyn S. Gill, against appellees, Wells Fargo Bank, N.A. ("Wells Fargo"), ALG Trustee, LLC ("ALG") and Potomac Relocation Services, LLC ("Potomac").  Therefore, the Court will affirm the judgment of the circuit court.

Appellants filed this action challenging the foreclosure sale of their residence.  They claimed that Wells Fargo wrongfully initiated the foreclosure under the deed of trust securing the promissory note for their loan to purchase the property.  After their original and first amended complaints were dismissed on demurrers, with leave to amend, appellants filed the second amended complaint asserting a single claim for breach of contract.

Appellants allege in the second amended complaint as follows: The loan to purchase their residence was insured by the Federal

Housing Administration.  Certain federal Department of Housing and Urban Development ("HUD") regulations were incorporated into the accompanying purchase money deed of trust, including 24 C.F.R § 203.604.  This regulation sets forth requirements for the acceleration of a loan and subsequent foreclosure in the event of a borrower's payment default.  According to the appellants, after it received the assignment of appellants' loan, Wells Fargo failed to comply with this regulation by not having, or attempting to have, a "face-to-face meeting" with appellants following their payment default.  Because this meeting was a condition precedent to foreclosing on their property, appellants theorized that Wells Fargo's "authority to call a default had not accrued" and thus the foreclosure it initiated was unlawful.  Furthermore, while Potomac was the highest bidder at the foreclosure sale, settlement on the sale had not yet taken place.  ALG, as the substitute trustee, could therefore refund Potomac's security deposit and release Potomac from its purchase.  Based on these allegations of a breach of contract, appellants asked for compensatory damages and rescission of the foreclosure sale.

Wells Fargo filed a demurrer to the second amended complaint, asserting that appellants did not state a cause of action for breach of contract because, among other things, they (i) failed to identify the injury caused by any contractual breach; (ii) failed to allege any specific damages incurred and to include an ad damnum clause stating the amount of damages sought; and (iii) failed to allege facts indicating that the foreclosure sale was unconscionable, a product of fraud, or otherwise voidable, thus negating rescission as an equitable remedy.  The circuit court

2

sustained the demurrer and dismissed the second amended complaint with prejudice.  On appeal, appellants argue that the circuit court erred in this ruling.

In reviewing a circuit court's decision sustaining a demurrer, we address the same issue that the circuit court addressed: whether the facts alleged in a complaint are legally sufficient to state a cause of action upon which the requested relief may be granted. Assurance Data, Inc. v. Malyevac, 286 Va. 137, 143, 747 S.E.2d 804, 807 (2013); Dunn, McCormack & MacPherson v. Connolly, 281 Va. 553, 557, 708 S.E.2d 867, 869 (2011)).  Like the circuit court, we accept as true all facts properly pleaded and all reasonable inferences that may be drawn from those facts.  Assurance Data, 286 Va. at 143, 747 S.E.2d at 807; Concerned Taxpayers v. County of Brunswick, 249 Va. 320, 323, 455 S.E.2d 712, 713 (1995).  A demurrer, however, does not admit the correctness of the pleader's legal conclusions.  Murayama 1997 Trust v. NISC Holdings, LLC, 284 Va. 234, 245, 727 S.E.2d 80, 86 (2012); Arogas, Inc. v. Frederick Cnty. Bd. of Zoning Appeals, 280 Va. 221, 224, 698 S.E.2d 908, 910 (2010).  Because this presents an issue of law, we review the circuit court's decision de novo.  Assurance Data, 286 Va. at 143, 747 S.E.2d 808; Dunn, McCormack & MacPherson, 281 Va. at 557, 708 S.E.2d at 869.

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).

Here, appellants rely upon Squire v. Virginia Housing Development Authority, 287 Va. 507, 758 S.E.2d 55 (2014), and Mathews v. PHH Mortgage Corp., 283 Va. 723, 724 S.E.2d 196 (2012), in asserting their breach of contract action. In those cases, we held that the subject HUD regulation, 24 C.F.R § 203.604, created a condition precedent to foreclosure under the respective Virginia deeds of trust at issue, both of which incorporated the regulation. Appellants allege that Wells Fargo breached the present deed of trust, which likewise incorporated the regulation, by failing to conduct a face-to-face meeting with appellants, as the regulation requires, before initiating foreclosure on their property.

We assume without deciding that appellants have made sufficient allegations of causation for their breach of contract action. Nonetheless, we conclude that appellants have failed to set forth allegations supporting their requests for relief in the form of both money damages and rescission of the foreclosure sale.

As indicated above, an essential element in a breach of contract action is that the defendant's breach of a contractual obligation caused injury or damage to the plaintiff. Sunrise Continuing Care, LLC v. Wright, 277 Va. 148, 154, 671 S.E.2d 132, 135 (2009); Filak, 267 Va. at 619, 594 S.E.2d at 614. Accordingly, the plaintiff must allege facts setting forth the injury or damage incurred as a result of defendant's breach. See Squire, 287 Va. at 518, 758 S.E.2d at 61 (holding plaintiff sufficiently alleged damages resulting from foreclosure sale conducted in breach of deed of trust based on lender's failure to conduct face-to-face meeting required by HUD regulation).

4

In the second amended complaint, appellants fail to set forth a single factual allegation of any injury or damage they incurred as a result of Wells Fargo's alleged breach. And their second amended complaint contains no ad damnum clause stating the amount of any damages claimed, in violation of Rule 3:2(c)(ii) ("Every complaint requesting an award of money damages shall contain an ad damnum clause stating the amount of damages sought.").

As to rescission, appellants allege that after defaulting on their loan Wells Fargo and ALG initiated the foreclosure sale in breach of the deed of trust, and that their property was then sold at the foreclosure sale to Potomac as the highest bidder. However, as appellants further allege, no closing on the sale had occurred at the time they filed the present action. Appellants point to this allegation to argue that, absent the closing, the foreclosure sale can still be "unwound," i.e., rescinded, by this action. That is not so under Virginia law.

Upon foreclosure under a Virginia deed of trust, "'[t]he contract of sale [is] consummated when the auctioneer crie[s] the property out to the person making the highest and last bid. The only power remaining in the trustees, so far as the purchaser [is] concerned, [is] to collect the purchase money and execute a proper deed conveying such property and title as had been conveyed to [the purchaser].'" Feldman v. Rucker, 201 Va. 11, 21, 109 S.E.2d 379, 386 (1959) (quoting Powell v. Adams, 179 Va. 170, 174-75, 18 S.E.2d 261, 263 (1942)). Therefore, because the sale of the property to

Potomac was so consummated, appellants are not entitled to rescission of the foreclosure sale.[*]

In sum, appellants' second amended complaint "does not satisfy the pleading requirement of alleging facts upon which relief can be granted" and is thus "insufficient to withstand a demurrer." <u>Dean</u>, 263 Va. at 490, 561 S.E.2d at 690.

For these reasons, we affirm the judgment of the circuit court sustaining Wells Fargo's demurrer to the second amended complaint and dismissing it with prejudice.  The appellants shall pay to the appellees two hundred fifty dollars damages.

This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk

_____

[*] As we addressed in <u>Squire</u>, potential exceptions to the inapplicability of rescission as a remedy in the present context would include cases involving fraud, collusion with the purchaser, and a foreclosure sale price of such "gross inadequacy" that it "shock[s] the conscience" of the court.  287 Va. at 519, 758 S.E.2d at 61-62 (citing <u>Jones v. Jones</u>, 249 Va. 565, 573, 457 S.E.2d 365, 370 (1995) <u>Musgrove v. Glasgow</u>, 212 Va. 852, 854, 188 S.E.2d 94, 96 (1972); <u>Cromer v. De Jarnette</u>, 188 Va. 680, 687-88, 51 S.E.2d 201, 204 (1949); <u>Schweitzer v. Stroh</u>, 182 Va. 842, 848, 30 S.E.2d 689, 692 (1944); <u>Dunn v. Silk</u>, 155 Va. 504, 509, 155 S.E. 694, 695 (1930)).  In this case, no such allegations have been made.