**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1181**

POLE GREEN DEVELOPMENT COMPANY, LLC,

Plaintiff - Appellant,

v.

COLUMBIA GAS TRANSMISSION, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:18-cv-00680-REP)

Submitted:  October 29, 2019                    Decided:  November 18, 2019

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Jay Robbins, IV, C. JAY ROBBINS, IV P.C., Glen Allen, Virginia, for Appellant.  Kim M. Watterson, Los Angeles, California, Travis A. Sabalewski, Justin M. Sizemore, REED SMITH LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pole Green Development Company LLC ("Pole Green") commenced this action against Columbia Gas Transmission, LLC ("CGT"), after Pole Green's prospective agreement to purchase property for residential development fell through because of a pipeline easement held by CGT. In its amended complaint, Pole Green asserted claims for inverse condemnation, unlawful taking, breach of contract, and intentional interference with contract rights. The district court granted CGT's motion to dismiss, concluding that Pole Green failed to allege that CGT exercised the power of eminent domain, breached the terms of the easement, or tortiously interfered with Pole Green's purchase contract. Pole Green now appeals. For the reasons that follow, we affirm.

We review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo, "assuming as true the complaint's factual allegations and construing all reasonable inferences in favor of the plaintiff." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When a "private entity" exercises "some power delegated to it by the State which is traditionally associated with sovereignty, such as eminent domain," *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352-53 (1974), the entity becomes a state actor subject to liability under 42 U.S.C. § 1983 (2012), *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000). In its amended complaint, Pole Green alleged that, by virtue of Va. Code Ann. § 56-49 (2019), CGT had the ability to take land through eminent

2

domain. However, § 56-49, which describes the eminent domain power granted to public service corporations such as CGT, conditions the right to exercise eminent domain on a public service corporation's satisfaction of one of three antecedent requirements. *See* Va. Code Ann. § 56-49(2). Because the amended complaint was silent on these other requirements, we conclude that Pole Green failed to adequately allege that CGT had the power to take land through eminent domain. Consequently, Pole Green's factual assertions failed to establish CGT's status as a state actor, thus dooming its claims for unlawful taking and inverse condemnation.

Next, Pole Green alleges that CGT violated the terms of the easement by conditioning its approval of the residential development plans on Pole Green's performance of—and payment for—certain pipeline maintenance. In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016) (internal quotation marks omitted). Here, rather than relying on a contractual obligation that CGT breached, Pole Green predicated its claim on CGT's alleged attempt to exercise rights that the easement did not grant. Because Pole Green neglected to identify any legally enforceable obligation that CGT failed to satisfy, we conclude that Pole Green failed to state a claim for breach of contract.

Finally, Pole Green contends that CGT tortiously interfered with the purchase contract by requiring Pole Green to pay construction costs that, in its view, were

3

unnecessary for pipeline maintenance. To state a claim for tortious interference with contract rights, a plaintiff must allege:

> (i) the existence of a valid contractual relationship or business expectancy; (ii) knowledge of the relationship or expectancy on the part of the interferor; (iii) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (iv) resultant damage to the party whose relationship or expectancy has been disrupted.

*Dunn, McCormack & MacPherson v. Connolly*, 708 S.E.2d 867, 870 (Va. 2011) (internal quotation marks omitted). And where, as here, the contract was terminable at will, the plaintiff also must plead "improper methods"—i.e., that the defendant employed "[m]ethods of interference . . . that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules." *Id.* (emphasis and internal quotation marks omitted).

In the amended complaint, Pole Green alleged that CGT's parent company, TransCanada, which lacked a Virginia contractor's license, submitted an illegal bid for the proposed maintenance. However, Pole Green attached to its amended complaint the so-called bid, which, on its face, is merely a cost estimate for the pipeline work at issue. Because Pole Green's only basis for calling the cost estimate a "bid" was the document itself, which contained no such designation, we reject Pole Green's assertion that CGT or TransCanada acted illegally.

Pole Green also challenged the necessity of the work contemplated by the cost estimate, pointing to an opinion letter advising that the proposed construction was not warranted. However, assuming that the construction was unnecessary, Pole Green fails to explain how CGT's flawed proposal rose to the level of illegal or independently tortious

4

conduct. Indeed, Pole Green identifies no allegation in the amended complaint accusing CGT of fabricating the maintenance costs to exploit Pole Green's desire to purchase the land. Thus, we agree with the district court's determination that Pole Green failed to state a claim for tortious interference.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5