COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Beales, Ortiz and Causey
Argued at Richmond, Virginia


MARY PAT MARTIN

                                                                    OPINION BY
v.          Record No. 0971-22-3            JUDGE DORIS HENDERSON CAUSEY
                                                                  DECEMBER 12, 2023

RYAN S. LAFOUNTAIN, COMMISSIONER
 OF REVENUE FOR THE CITY OF ROANOKE


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

Arthur P. Strickland (Strickland, Diviney, Segura & Byrd, on briefs),
for appellant.

Timothy R. Spencer, City Attorney (Douglas P. Barber, Jr., Assistant
City Attorney, on brief), for appellee.


Mary Pat Martin appeals the circuit court's decision to dismiss her claim against the

Commissioner of Revenue for the City of Roanoke (the "Commissioner").  Martin petitioned for

declaratory relief to contest the Commissioner's "arbitrary refusal" to impose business taxes on the

owner and the lessee of a neighboring property.  The circuit court denied the requested relief,

finding that Martin failed to establish local taxpayer standing.  She appealed to this Court, and for

the following reasons, we affirm.

BACKGROUND[1]

In June 2020, CapGrow Holdings JV Sub V LLC ("CapGrow"), a venture capital firm based in Chicago, purchased a residential property in the Oak Hill neighborhood of Roanoke, Virginia. CapGrow subsequently leased the residence to Pinnacle Treatment Centers ("Pinnacle"). Pinnacle opened and operated a for-profit halfway house in the residence. Residents of the Oak Hill neighborhood unsuccessfully challenged the establishment of the halfway house on the grounds that it operated in breach of a local zoning ordinance.[2] Martin, the taxpaying owner and resident of a nearby property, subsequently filed a petition in circuit court against the Commissioner. She asked the circuit court for a declaratory judgment under Code § 8.01-184, stating that the business run by CapGrow and Pinnacle is subject to a yet unenforced business tax that should be applied retroactively.

The Commissioner filed a demurrer in response to the petition, arguing that Martin failed to allege facts sufficient to establish local taxpayer standing. The circuit court heard arguments from both parties and in a "purely advisory capacity," acknowledged the appearance of "an ongoing enterprise for which gross receipts tax should be paid." But the court sustained the demurrer and dismissed Martin's petition with prejudice. This appeal follows.

---

[1] "We apply well-established principles to guide our review of a circuit court's judgment sustaining a demurrer." *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 557 (2011). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. Accordingly, we accept as true all properly pled facts and all inferences fairly drawn from those facts. Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo." *Id.* (quoting *Abi–Najm v. Concord Condominium, LLC*, 280 Va. 350, 356-57 (2010)).

[2] Martin was not a party to that action, which was dismissed on appeal based on the petitioners' failure to join the Roanoke City Council, a necessary party, as a defendant. *See Marsh v. Roanoke City*, 301 Va. 152 (2022).

ANALYSIS

A. Standard of Review

"A trial court's decision sustaining a demurrer presents a question of law which we review de novo." *Harris v. Kreutzer*, 271 Va. 188, 196 (2006). "A demurrer admits the truth of all facts alleged in a motion for judgment but does not admit the correctness of the pleader's conclusions of law." *Chesapeake Bay Found., Inc. v. Commonwealth ex rel. Virginia State Water Control Bd.*, 46 Va. App. 104, 110 (2005). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Bd. of Supervisors of Spotsylvania Cnty.*, 266 Va. 550, 554 (2003). "To survive a challenge by demurrer, a pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment.'" *Eagle Harbor, L.L.C. v. Isle of Wight Cnty.*, 271 Va. 603, 611 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440 (1967)). Here, the circuit court sustained the demurrer. Accordingly, in reviewing the circuit court's conclusion on standing, "[w]e accept as true all facts properly pleaded in the [petition for appeal] and all reasonable and fair inferences that may be drawn from those facts." *Glazebrook*, 266 Va. at 554.

B. Standing

The pivotal issue before this Court is whether Martin has standing as a local taxpayer to challenge the Commissioner's decision not to impose certain taxes against CapGrow and Pinnacle. Martin contends that she has standing to challenge the Commissioner's lack of enforcement of taxes against Pinnacle and CapGrow pursuant to Roanoke City Code § 19.1-3(7) and Virginia Code § 58.1-3703(7) because she is a local taxpayer. The Commissioner argues she does not. We agree with the Commissioner.

The Declaratory Judgment Act, Code §§ 8.01-184 to -184.1, authorizes circuit courts to issue "binding adjudications of right" when presented with "cases of actual controversy." To

demonstrate an "actual controversy," the plaintiff must have standing, which in the context of the Declaratory Judgment Act, requires that the plaintiff establish "a 'justiciable interest' in the subject matter of the proceeding, either in its own right or in a representative capacity." *W.S. Carnes, Inc. v. Bd. of Supervisors of Chesterfield Cnty.*, 252 Va. 377, 383 (1996). This entails a showing that the "[plaintiff's] rights will be affected by the outcome of the case." *Deerfield v. City of Hampton*, 283 Va. 759, 764 (2012) (alteration in original). In other words, there must be an "'antagonistic assertion and denial of right'—whether that right be derived from statutes, common law, or constitutional law." *Lafferty v. Sch. Bd. of Fairfax Cnty.*, 293 Va. 354, 362 (2017).

Ordinarily, payment of taxes does not confer a general right to challenge any government action alleged to be unlawful. *Id.* It is well established, however, that "local taxpayers possess the common law right 'to challenge the legality of expenditures by local governments.'" *Id.* at 363 (quoting *Goldman v. Landsidle*, 262 Va. 364, 372 (2001)). This is so because of "'the peculiar relationship of the taxpayer to the local government that makes the taxpayer's interest in the application of municipal revenues direct and immediate,' giving local taxpayers a personal stake in the outcome of the controversy." *Id.* (quoting *Goldman*, 262 Va. at 372). Local taxpayer standing, however, "does not open the door to challenge any local government action," *id.* at 364, and a plaintiff's complaint "must do more than identify a policy that the plaintiff disagrees with," *McClary v. Jenkins*, 299 Va. 216, 223 (2020) (citing *Lafferty*, 293 Va. at 364-65). A challenge to government expenditures, moreover, cannot rely on wholly speculative inferences about actual costs or expenditures of a challenged measure or on merely nominal costs of implementation that do not implicate the special relationship between local taxpayers and local revenue expenditures. *Lafferty*, 293 Va. at 364-65).

- 4 -

Here, Martin does not challenge the legality of an expenditure by a local government, but simply the failure to impose a tax by a local government on a third party. A decision to refrain from taxing an entity is not an expenditure. Martin has cited no authority establishing a taxpayer's right to challenge the non-imposition or non-collection of a tax, and we decline to recognize such a right today. In addition, even if we were to treat such inaction as the potential equivalent of an expenditure, Martin's complaint also lacks express allegations of costs or expenditures connected to the Commissioner's determination about the property at issue. She alleges that she, "along with all city taxpayers, is directly affected pecuniarily by the Commissioner of Revenue's failure to collect business taxes and transient taxes from CapGrow and Pinnacle," reasoning that "if substantial business and transient occupancy taxes are not collected, then there is less money for the City to spend and either expenditures will have to decrease or taxes increase to meet the City's expenses." Without more, the effects she imagines are "wholly speculative." "[V]ague, speculative, and conclusory allegations of a connection between the expenditure of local funds and the policy or action the taxpayer seeks to prohibit do not meet the requirements to establish local taxpayer standing." *See McClary*, 299 Va. at 224.

Martin has not alleged sufficiently definite facts that provide a justiciable interest to survive demurrer. She has not alleged a specific statutory right to relief, nor has she alleged an injury that is specific to her. Additionally, the allegations in the complaint are mere policy disagreements with the Commissioner's decision regarding whether the taxes apply in Martin's bare position as a taxpayer, lacking any connection to local government expenditure. Thus, we hold that she may not claim local taxpayer standing.

CONCLUSION

For these reasons, we hold that the circuit court did not err in sustaining the

Commissioner's demurrer and dismissing Martin's claim with prejudice.

*Affirmed.*